**CLEVELAND (City), Plaintiff-Appellee v. GOGOLA, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19734. Decided October 9, 1944.

Thomas A. Burke, director of law, Cleveland; Anthony A. Rutkowski and Myron S. Stanford, assistants, both of Cleveland, for plaintiff-appellee.

A. F. Hansen, Cleveland, and O. F. Goudy, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, J.

The defendant was arrested and convicted on two separate charges of being a "common beggar" in violation of Section

3003 of the Municipal Code of the City of Cleveland. The provisions of the section insofar as they are applicable to the instant case, provide as follows:

"If any common beggar * * * shall be found in the city, any such person shall be subject to prosecution before the criminal branch of the Municipal Court and upon conviction thereof shall be fined * * *. The term 'common beggar' as used in this section shall not be construed or defined as to prevent persons that are regularly connected with any charitable institution from soliciting or begging alms for or on behalf of such charitable institutions. * * *."

The defendant is a blind man who, up and until the newspaper publishers discontinued the sale of papers on the streets by the use of newsboys, sold papers at the northeast corner of Superior Avenue and Ontario Avenue. After this work was no longer available to him, he stationed himself on Euclid Avenue just to the east of the Euclid Avenue entrance of The May Co., where, with a cigar box in hand containing a cup and some lead pencils and shoe laces, and with a sign across his chest on which was printed the word "Blind" he would attract the attention of the passers-by by making audible sounds such as "good luck", "oh, oh, oh" etc. He dressed very shabbily, carried a cane and on some occasions would use it as a means of attracting attention in addition to the sounds above indicated. Passers-by on having their attention attracted to him would frequently drop money into the cup but seldom would take either a pencil or shoe-strings.

The defendant secured a vendor's license in October, 1940, which was cancelled in October, 1943, but re-issued again on February 24, 1944. During the time his license was cancelled he continued his activities on Euclid Avenue in the usual way. The defendant also made purchases of sales tax stamps and reported his alleged gross sales every six months to the Sales Tax Division of the State of Ohio. The record discloses that his reports of gross sales to the state was as follows:

"From January 1, 1941 to June 30, gross sales $156.00
From July 1, 1941 to Dec. 31, 1941, gross sales 90.00
From Jan. 1 to June 30, 1942, gross sales 69.00
From July 1, 1942 to Dec. 31, 1942, gross sales 70.00
From Jan. 1, 1943 to June 30, 1943, gross sales 70.00
From July 1, 1943 to Dec. 31, 1943, gross sales 70.00"

These reports are on his gross sales, whether any of such sales were taxable or not. During the period thus reported the defendant banked what he describes as his profits, less his living and operating expenses, which totalled $600.00 per month. The testimony of the officers who observed him as he stood on Euclid Avenue was that the defendant never offered pencils or shoe strings to anybody but as people dropped coins into his cup he would say "thank you" or words of similar import. If the person depositing money into his cup wanted a pair of shoe strings or a pencil he would have to take it from the cigar box himself.

The defendant claims in this proceeding:

(1) That the verdict of guilty on both charges is not sustained by sufficient evidence and is contrary to law.

(2) That the affidavit upon which this action was tried does not state sufficient facts to constitute a cause of action.

(3) That the court committed reversible error in refusing to charge the jury as requested by the defendant before argument and in failing in the court's general instructions to charge that criminal intent was a necessary element of the crime.

(4) That the court erred in the admission of evidence concerning the defendant's financial responsibility, and in refusing defendant's request that a juror be withdrawn and to declare a mistrial after such evidence had been submitted to the jury, and in failing to instruct the jury to disregard such evidence.

Directing our attention to the second claim of error we find that the affidavit charged the defendant with being a "common beggar" by using the exact words of the ordinance. Section 13437-6 GC deals with the forms in which offenses may be charged. The statute provides:

"The following forms may be used in cases in which they are applicable, but any other forms authorized by this or any other law of this state may also be used and other brief and comprehensive forms applicable to other offenses may be used. * * *."

Then follows a number of forms as examples to be used in charging certain crimes. An examination of the forms thus prescribed discloses that they are, with but few exceptions, in

the exact language of the statute defining the crime to which they refer. Under the code, therefore, which directs the short form of pleading in criminal cases, it is entirely proper to charge a defendant, by the use of an affidavit which is framed in the language of the statute which it is charged the defendant violated. Such affidavit must, of course, contain sufficient allegations of fact, which by statute constitutes the crime therein defined and must also inform the defendant of the exact nature of the crime with which he is charged.

In the instant case the affidavit clearly informs the defendant that he is charged with being a common beggar.

We find, therefore, that the affidavit was in all respects sufficient and this claim of error is overruled.

Hagar v State, 35 Oh St 268.

Cincinnati v Schell, 125 Oh St 57.

The defendant, before argument, presented eight propositions of law which he requested the court to charge the jury, all of which the court refused. However, the record discloses that the substance of such requests, insofar as they were correct statements of law and were applicable to the issues of fact presented, were given to the jury by the court in its general charge. So that the rights of the defendant were not prejudiced by the court's ruling on his request for special instructions before argument. A defendant is not entitled to have the court give instructions on questions of law before argument in the trial of a criminal case, even though the requests are correct statements of the law applicable to the issues of fact in the case.

One of the contentions which the defendant urged in his behalf was that at the time of his arrest he was engaged as an "itinerant vendor" and was therefore not a common beggar. In support of this defensive matter, the defendant introduced evidence of his vendor's license, of his purchase of merchandise and his report to the State of Ohio in compliance with the requirements of the sales tax law as above set forth. The defendant, on cross-examination, stated that he deposited the profits to his account in the bank. The bank accounts of defendant, therefore, became very important to help the jury determine whether or not the state had shown by the proper degree of proof that the defendant was a "common beggar."

At the beginning of the state's case, and before the defendant's evidence opened up the field of inquiry concerning his bank deposits, one of the witnesses did make some allusion to defendant's financial standing, but the court promptly sus-

tained defendant's objection thereto and instructed the jury to disregard what was then said on this subject, so that defendant's case was not prejudiced by the court's refusal to grant the defendant's motion to withdraw a juror and continue the case to a future day.

We come now to the defendant's first assignment of error that the verdict is not sustained by the proper degree of proof and is contrary to law.

An examination of the record discloses that this contention of defendant is not well taken. The claim of defendant that he was engaged in a legal and proper business, that of an itinerant vendor, falls of his own weight when held up to public view. True, he had a license and did purchase a few pairs of shoe strings and a few dozen lead pencils, and occasionally made purchases of sales stamps, and attempted to report his gross sales to the state, as required by law. But when these circumstances are considered in the light of his conduct and demeanor on the street, and the amount of his income and all the other circumstances disclosed in the evidence, the jury was completely justified in finding that his activities as an itinerant vendor was being used as a cloak to cover up his principal activity of being a common beggar.

For the reasons hereinabove set forth the judgment of the Municipal Court is affirmed.

LIEGHLEY, J., concurs.
MORGAN, P. J., dissents.