CITY OF CINCINNATI, APPELLEE, *v.* MCKINNEY, APPELLANT.

(No. 7975—Decided March 14, 1955.)

*Mr. Henry M. Bruestle,* city solicitor, and *Mr. Robert J. Paul,* for appellee.

*Mr. Chauncey Pichel* and *Miss Marie E. Coleman,* for appellant.

MATTHEWS, J.  The defendant, appellant herein, was convicted of petit larceny on an affidavit filed by Martha M. Furth, charging her with having stolen a shopping bag and contents of the value of $24.42 on February 10, 1954, with having been convicted, sentenced and imprisoned in the Cincinnati, Ohio, workhouse three times previously, and with being, therefore, an habitual offender under the provisions of Section 4131, General Code, now Section 753.07, Revised Code.  One of the prior convictions listed in the affidavit and mittimus in this case was on an affidavit filed by Lillian Nitschke charging the defendant herein with petit larceny.

The defendant was sentenced to imprisonment in the workhouse for a period of three years.  It is from that judgment and sentence that this appeal was taken.

(1) It was developed during the proceedings that, when the defendant was convicted of petit larceny on the affidavit of Lillian Nitschke, she was found at that time to be an habitual offender, and a sentence was imposed on her in that character under the habitual offender statute.  Counsel by plea of *autrefois convict* before trial and by objection at the trial raised the legality of using the same offenses as the basis for characteriz-

ing the defendant as an habitual offender in a prosecution for new offenses thereafter committed.

Section 753.07, Revised Code, is as follows:

"Every person who, after having been three times convicted, sentenced, and imprisoned in any workhouse for offenses committed in this state, whether in violation of an ordinance of a municipal corporation or a law of this state, is convicted of a fourth misdemeanor, whether committed in violation of such an ordinance or law, punishable by such imprisonment shall, upon conviction for such offense, be deemed to be an habitual offender and shall be imprisoned in a workhouse for a period not less than one year nor more than three years. In all such cases the court may order that the offender stand committed to the workhouse until the costs of prosecution are paid. The fact of former convictions shall be charged in the information or complaint, and, if proved, shall be stated in the commitment. A pardon for a former offense granted on the ground of innocence shall operate as a full defense in any charge under this section of a prior conviction for such offense."

There is no claim that the affidavit does not conform to the requirements of the section. It is to its substance and not to its form that objection is made.

We were required in the habeas corpus proceeding of *In re Moreno*, 83 Ohio App., 54, 82 N. E. (2d), 325, to consider Section 4131, General Code, now Section 753.07, Revised Code, in order to determine the legality of imprisonment based on an affidavit charging that the accused was guilty of being an habitual criminal. We stated in the third paragraph of the syllabus, as the unanimous opinion of the court, that:

"Section 4131, General Code, does not create a separate, distinct crime, for which one may be sentenced to the workhouse, but, on the contrary, merely attaches an additional penalty to the commission of a misdemeanor, where the perpetrator thereof has been three times previously convicted of misdemeanors and sentenced to the *workhouse.*"

As Section 753.07, Revised Code, creates no crime, it is obvious that a plea of *autrefois convict* can not be postulated upon a prosecution for a totally different crime in which prior convictions are resorted to for the sole purpose of determining the

extent of the punishment. It has always been the practice of courts to hear evidence of prior good or bad conduct to determine the extent of the punishment. This statute is simply a recognition of the soundness of such practice.

In *Jones* v. *State,* 9 Okla. Cr. Rep., 646, 133 P., 249, 48 L. R. A. (N. S.), 204, it was held, as stated in the first paragraph of the syllabus, that:

"The act of the Legislature providing that upon a second conviction for a violation of the prohibitory liquor law a higher punishment shall be inflicted is a reasonable classification which the Legislature had the power to make, and it is not *ex post facto,* although by its terms it may be enforced against one whose former conviction occurred before its passage."

See, also, *Graham* v. *State,* 224 U. S., 616, 56 L. Ed., 917, 32 S. Ct., 583, and 25 American Jurisprudence, 264.

The contention made in this case was considered and held unsound in the case of *State* v. *Lawson,* 125 W. Va., 1, 22 S. E. (2d), 643, 144 A. L. R., 235. The holding of the court is clearly stated in the third paragraph of the A. L. R. headnotes, as follows:

"Acquittal of a charge under an indictment which, for purposes of habitual criminal law, charged former convictions does not operate as a bar against charging those same former convictions in a subsequent indictment for a different substantive offense; the former convictions have no connection with the offense for which the defendant is on trial except to determine his punishment in the event that he is found guilty, and there is therefore no question of former jeopardy in respect of those convictions."

We, therefore, hold that the court did not err in overruling the defendant's plea of former conviction.

(2) The court overruled the defendant's motion for a bill of particulars, and this is assigned as error. Principal reliance for this position is placed on two Supreme Court decisions. The first is *State* v. *Hutton,* 132 Ohio St., 461, 9 N. E. (2d), 295. It is manifest that that case can have no general application. It turned entirely upon the language of the special act creating the Municipal Court of the City of Massillon, in which the trial took place. Inasmuch as Section 1579-442, General Code, which

was part of that special act, provided that " 'The laws governing the Court of Common Pleas as to * * * pleadings and procedure * * * shall be held to apply so far as applicable to the Municipal Court' " the court held that Section 13437-6, General Code, applicable to the Court of Common Pleas, was made applicable to the Municipal Court of Massillon.

The other case, *State* v. *Petro,* 148 Ohio St., 473, 76 N. E. (2d), 355, 5 A. L. R. (2d), 425, has no application to a trial in any Municipal Court. The defendant was indicted for murder in the first degree. The trial, of course, took place in the Court of Common Pleas, where the demand for a bill of particulars was made both before and during the trial. The case can have no application unless Section 13437-6, General Code, is applicable to a proceeding in the Municipal Court of Cincinnati. Clearly, it is not made applicable by its own terms. It is found in the chapter relating to the form and sufficiency of indictments and in the action setting forth the terse language in which offenses could be charged. And then, to guard against the possibility of the terseness of the charge not being sufficiently informative, it was provided that the "prosecuting attorney," if seasonably requested, should furnish a bill of particulars to the accused.

Subsection (A) of Section 1901.21, Revised Code, prescribes the procedure in criminal prosecutions in the Municipal Courts generally. It is as follows:

"(A) In a criminal case or proceeding, the practice, procedure, and mode of bringing and conducting prosecutions for offenses, and the power of the court in relation thereto, are the same as those which are conferred upon police courts in municipal corporations. If no practice or procedure is provided for police courts, then the practice or procedure of mayors' courts shall apply. If no practice or procedure is provided for police courts or mayors' courts, then the practice or procedure of justice of the peace courts shall apply.

"In any civil case or proceeding if no special provision is made in Sections 1901.01 to 1901.38, inclusive, of the Revised Code, the practice and procedure shall be the same as in Courts of Common Pleas. If no practice or procedure is provided for in the Courts of Common Pleas, then the practice or procedure of justice of the peace courts shall apply."

That section certainly does not give to the accused the right to a bill of particulars, either by its express terms or by reference to procedure applicable to the Common Pleas Courts. We know of no statute giving an accused in a criminal prosecution in a police court, mayors' court or the court of a justice of the peace the right to demand a bill of particulars.

The claim of a defendant for a bill of particulars in a prosecution on a charge of a misdemeanor in a Municipal Court was presented in the case of *State* v. *Gutilla,* 59 Ohio Law Abs., 289, 99 N. E. (2d), 506. Reliance for the claim was placed on Section 13437-6, General Code, now Section 2941.07, Revised Code. In holding the section inapplicable, the court said: "This provision is only applicable as to indictments or informations and the bill of particulars is to be given only by the prosecuting attorney.

"Thus, by the terms of the section of the Code, it appears that they were not intended to be applied in misdemeanor actions before Municipal Courts or justice of the peace courts."

We think it clear that the court did not err in denying the defendant's request for a bill of particulars.

Other errors were assigned, but we find that they are not supported by the record and do not require comment.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

Ross, P. J., and Hildebrant, J., concur.