THE STATE OF OHIO, APPELLEE, *v.* PARKS, APPELLANT.

(No. 5604—Decided November 15, 1957.)

*Mr. Samuel L. Devine*, prosecuting attorney, and *Mr. Victor E. Vaile, Jr.*, for appellee.

*Mr. John M. Scott* and *Messrs. Mayer & Leshy*, for appellant.

BRYANT, J. Defendant, appellant herein, Mary Parks, was tried and convicted in the Franklin County Juvenile Court on the charge of acting in a way tending to cause the delinquency of her twelve-year-old nephew, Dickie Joe Davis, who for the last ten years had lived in the Parks' home. After the overruling of a motion for a new trial, Mrs. Parks was sentenced to the Ohio State Reformatory for Women at Marysville for one year. From the conviction and sentence, Mrs. Parks appeals to this court.

While two assignments of error are made, first as to the overruling of defendant's motions to dismiss, and second, that the judgment is contrary to law and the weight of the evidence, defendant's main objection appears to be that the affidavit fails to state an offense.

But the affidavit charged that Mrs. Parks "did act in a way tending to cause the delinquency of one Dickie Joe Davis * * * a minor under the age of eighteen years, to wit, of the age of 12 years, in this, to wit:

"On or about 18th day of December, 1955, and various other times * * * [specifying the location] Mary Parks did act in a way tending to cause the delinquency of one Dickie Joe Davis in this, to wit: She the said Mary Parks did allow drinking and drunkenness at all hours of the day and night in the presence of said Dickie Joe Davis * * * [with full knowledge of his age]."

The code of criminal procedure specifically authorizes the

use of short forms in charging violations of law. With reference to the form of such charges, Section 2941.05, Revised Code, provides in part as follows:

"In an indictment or information charging an offense, each court [count] shall contain, and is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. *It may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense \* \* \*.*" (Emphasis added.)

The affidavit in this case is based upon Section 2151.41, Revised Code (Section 1639-45, General Code), which provides in part as follows:

"No person shall \* \* \* act in a way tending to cause delinquency in such child. \* \* \*"

Thus, the affidavit, not once but twice, charges the offense in the exact words of the statute, and therefore is not open to legal objection.

Section 2941.07, Revised Code, after authorizing abbreviated forms in case of 17 specific crimes, concludes as follows:

"Forms authorized by other sections of the Revised Code and other brief and comprehensive forms applicable to other offenses may also be used. The prosecuting attorney, if seasonably requested by the defendant, or upon order of the court, shall furnish a bill of particulars setting up specifically the nature of the offense charged."

We are unable to find in the record where the defendant seasonably or otherwise requested either the prosecuting attorney to furnish or the court to order him to furnish a bill of particulars. This objection is without merit and must be overruled.

At the trial of the case before the Juvenile Court, the defendant waived the right of a jury and consented to be tried by the court acting as judge and jury. This was the second hearing on this charge which took place on March 16, 1956, and there had been a previous hearing on January 10, 1956, before the referee, at the conclusion of which the defendant asked for

and obtained a completely new hearing before the Juvenile Court Judge.

Thus, it will be seen that the defendant unquestionably had full notice and knowledge of the nature and cause of the pending proceeding before entering upon the second hearing.

At the trial in the Juvenile Court, the judge asked whether the defendant wished to take the stand and was given a negative answer. In all criminal cases the defendant may at his own request, but only at his own request, testify in his own behalf. Under the federal and state Constitutions, the defendant in a criminal proceeding may not be compelled to give testimony which will either incriminate or tend to incriminate him. But the failure of a defendant to testify may be commented on by counsel and may be taken into consideration along with all the other facts and circumstances in evidence in determining the guilt or innocence of the accused. Section 2945.43, Revised Code (Section 13444-3, General Code), provides as follows:

"On the trial of a criminal cause, a person charged with an offense may, at his own request, be a witness, but not otherwise. The failure of such person to testify may be considered by the court and jury and may be made the subject of comment by counsel."

After reviewing all the evidence in the case with great care, and considering that the defendant failed to take the stand, it is our opinion that this objection as to the weight of the evidence must be overruled for the reason that in our opinion the judgment was not contrary to the weight of the evidence.

There is still another reason for affirming the judgment of the court below. Defendant has utterly failed to make or even attempt to make a showing of "good cause" preliminary to appealing. It is expressly provided in the Juvenile Court Act that no appeal shall be taken except upon good cause shown. This is done by the filing of a motion for leave to appeal and giving notice thereof to the prosecuting attorney and as further provided in Section 2151.52, Revised Code, which reads as follows:

"The sections of the Revised Code relating to appeals on questions of law from the Court of Common Pleas, including

the allowance and signing of bills of exceptions, shall apply to prosecutions of adults under Sections 2151.01 to 2151.54, inclusive, of the Revised Code, and from such prosecutions an appeal on a question of law may be taken to the Court of Appeals of the county under laws governing appeals in other criminal cases to such Court of Appeals. *An appeal shall not be taken to the Court of Appeals except upon good cause shown, upon motion and notice to the prosecuting attorney, as in civil cases, or unless such motion is allowed by such court."* (Emphasis added.)

For the reasons above set forth, the assignments of error are overruled, the appeal on questions of law is denied and the judgment and sentence of the court below are hereby affirmed.

*Judgment affirmed.*

PETREE, P. J., and MILLER, J., concur.