CITY OF SOUTH EUCLID v. NOVAK.

[Cite as City of South Euclid v. Novak, 8 Ohio Misc. 235.]

(Nos. 7714, 7715, 7716, 7717 and 7718—Decided November 6, 1965.)

South Euclid Municipal Court.

KLEIN, J.   The defendant has filed a motion to quash the affidavits in Cases Nos. 7714, 7715, 7716, 7717 and 7718.   On 6/15/65, a previous motion to quash the original affidavits was sustained.   Substitute affidavits were filed on 7/30/65, these affidavits being more detailed than the original affidavits.   The question now before this court is whether or not a motion to quash should be sustained with respect to these substitute affidavits.

Since the language of the affidavits in all five of these cases is substantially the same (except for the dates and names set forth therein) and since the law applicable thereto is identical, all five of these cases will be discussed together in this Opinion.

The affidavit in Case No. 7714 reads as follows:

Before me, Marjorie M. Walters, Clerk of the South Euclid Municipal Court, personally appeared Ted Moses————who being duly sworn according to law, deposes and says, that on or about the 10th day of May, 1963, at the City of South Euclid, in said County and State, one, Harry L. Novak, 14409 Cedar Road, D. B. A. Harry L. Novak Insurance Agency, being a licensed insurance agent engaged in the insurance business in the State

of Ohio, County of Cuyahoga and City of South Euclid, did unlawfully pay, allow or give, or offer to pay, allow or give, directly or indirectly, to Sheldon Adelman, as inducements to insurance, a rebate of premium payable on a policy of insurance from Westchester Insurance Co., Policy No. H03-2640, or any special favor or advantage in the dividends or other benefits to accrue thereon or any valuable consideration or inducement not plainly specified in the policy or contract of insurance or agreement of indemnity. Said acts were in violation of Section 3933.01 *et. seq.* of the Revised Code, and against the peace and dignity of the State of Ohio and further says not.

/s/ State of Ohio
Dept. of Insurance
(Affiant) /s/ Ted Moses

Sworn to and subscribed before me, this 30th day of July, 1965.

/s/ Marjorie M. Walters,
Clerk of the Municipal Court.

APPLICABLE STATUTES

Section 3933.01, Revised Code, reads in part as follows:

No corporation, association, or partnership engaged in this state in the guaranty, bonding, surety, or insurance business, other than life insurance, nor any officer, agent, solicitor, employee, or representative thereof, shall pay, allow, or give, or offer to pay, allow, or give, directly or indirectly, as inducements to insurance, and no person shall knowingly receive as an inducement to insurance, any rebate of premium payable on the policy, or any special favor or advantage in the dividends or other benefits to accrue thereon, or any paid employment or contract for services of any kind, or any special advantages in the date of the policy or date of its issue, or any valuable consideration or inducement not plainly specified in the policy or contract of insurance or agreement of indemnity, or give, receive, sell, or purchase, or offer to give, receive, sell, or purchase, as inducements to insurance or in connection therewith, any stock, bonds, or other obligations of an insurance company or other corporation, association, partnership or individual.

Section 2941.05, Revised Code, reads as follows:

In an indictment or information charging an offense, each

count shall contain, and is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged.

The defendant claims that the affidavit is so vague and ambiguous that his motion to quash should be sustained. In making this contention, the defendant states as follows in his brief:

"—As it presently stands each affidavit alleges that the defendant did (as pertaining to a certain person and policy):

A. Unlawfully (1) pay, (2) allow *or* (3) give *or* (4) offer to pay, (5) allow *or* (6) give (7) directly *or* (8) indirectly (as inducements to insurance).

B. (1) A rebate of premium payable on the policy (2) *OR* any special favor. (3) *OR* advantage in the dividends (4) *OR* other benefits to accrue thereon (5) *OR* any valuable consideration (6) *OR* inducement not plainly specified in policy (7) *OR* contract of insurance (8) *OR* agreement of indemnity

In violation of R. C. . . . . *et seq.*

It is obvious that there are 64 possible alternate combinations included therein - - and yet the affidavit does not set forth any specific allegation in ordinary language advising the court OR the defendant what the alleged unlawful *act* was."

Defendant emphasizes that the allegations of the affidavit are in the alternative and defendant has no way of knowing which of these alternatives the city of South Euclid will seek to prove. Also, the defendant states that each affidavit charges the defendant with violating "Section 3933.01 *et seq.*"; that an allegation of this type charges the Defendant with violating unknown statutes.

It is true that the charge set forth in this Affidavit is phrased in such a multitude of alternatives that a defendant would be hard-pressed to prepare a defense thereto. Nevertheless, since the wording of the affidavit is substantially in the words of Section 3933.01, Revised Code, and since it is not

lacking in essential allegations as was the original affidavit, it must be deemed sufficient to charge a crime. *City of Cleveland* v. *Gogola*, 58 N. E. 2d 101, Court of Appeals of Cuyahoga County, Ohio, 1944. However, by virtue of the fact that this affidavit does not clearly inform the defendant of the offense with which he is charged (being written in the alternative), it would clearly be subject to a motion for a bill of particulars[1] under the rule of law promulgated by the Supreme Court of Ohio in *State* v. *Fowler*, 174 Ohio St. 362, 189 N. E. 2d 133 (1963)[2], wherein it is stated as follows:

Although under the provisions of Section 2941.05, Revised Code, a charge laid in the terms of the statute is sufficient to charge the crime, this section is not dispositive of the issue before us. The fact that the use of the terms of the statute is sufficient to charge an offense does not negate the right of the accused to a bill of particulars if the charge is indefinite or vague and does not fully inform him of the offense with which he is charged.

The statute under which appellant was charged, the terms of which were incorporated in the affidavit filed against appellant, is written in the alternative and reads as follows:

"No person who is under the influence of intoxicating liquor, narcotic drugs, or opiates shall operate any vehicle, streetcar, or trackless trolley within this state."

Under the charges laid in the affidavit appellant was charged with driving either under the influence of intoxicating liquor or under the influence of narcotic drugs or under the influence of opiates, which charge applied to him, he would not know from the affidavit.

---

[1]There are several lower court decisions indicating that a bill of particulars is not the proper way to attack a vague and indefinite affidavit in a municipal court proceeding involving the commission of a misdemeanor (see *Cincinnati* v. *McKinney*, 101 Ohio App. 511, 137 N. E. 2d 589; *State* v. *Gutilla*, 59 Ohio Law Abs. 289); however, it would appear that these lower court decisions have been superseded by the decision of the Ohio Supreme Court in *State* v. *Fowler*, 189 N. E. 2d 133, 174 Ohio St. 362 (1963).

[2]See also, *State* v. *Parks*, 105 Ohio App. 208, 152 N. E. 2d 154 (1957). In this case, the Court of Appeals of Franklin County, Ohio, refused to reverse a conviction pursuant to an affidavit which charged "the offense in the exact words of the statute"; however, the court clearly inferred that had the defendant requested a bill of particulars prior to the commencement of the trial, this request should have been granted.

\*\*\*\*\*\*\*\*

Where a charge against an accused is drawn in the alternative, then an accused is entitled to be informed by a bill of particular on which of the alternatives the state intends to proceed or whether it intends to proceed on both.

In other words, an affidavit charging a misdemeanor under the state law filed in the Court of Common Pleas must clearly and explicitly inform the accused of the offense with which he is charged, and where such affidavit is vague or indefinite the accused, under the provisions of Section 2941.07, Revised Code, is entitled to a bill of particulars. \* \* \*

Although *State* v. *Zdovc*, 106 Ohio App. 481, 7 Ohio Opinions 2d 217 (1958) and *Bartlett* v. *State*, 28 Ohio St. 671 (1876) (the cases relied on by defendant) are clearly distinguishable on their facts from the instant situation, these cases do contain language which tends to support defendant's claim that the affidavit is subject to a motion to quash; however, based on the language contained in *State* v. *Fowler, supra; City of Cleveland* v. *Gogola, supra*; and *State* v. *Parks, supra*, it would seem that, on balance, the more appropriate method of attacking an affidavit which is framed in the language of the statute (but which is framed in the alternative) is by filing a motion for bill of particulars.

For the reasons set forth above and in the interest of justice, the Court rules as follows:

1. Defendant's Motion to Quash is overruled.

2. The City Prosecutor is hereby ordered[3] to either:

(a) File a Bill of Particulars which specifies the precise section or sections of the code under which defendant is being prosecuted and which sets up specifically the nature of the offense charged (and which clearly informs the defendant of the offense with which he is charged), or ₁

(b) Files a substitute affidavit which specifies the precise section or sections of the code under which defendant is being prosecuted and which sets up specifically the nature of the offense charged (and which clearly informs the defendant of the offense with which he is charged). In so doing, the prosecutor should refrain from setting forth allegations in the alternative.

---

[3]Section 2941.07, Revised Code, gives the court the right to order the prosecutor to file a bill of particulars.