In re Schott.

[Cite as In re Schott, 16 Ohio App. 2d 72.]

(No. 10660—Decided September 3, 1968.)

*Mr. William A. McClain, Mr. Ralph E. Cors* and *Mr. Simon L. Leis, Jr.,* for petitioner.
*Messrs. Gorman, Davis & Hengelbrok,* for respondent.

SHANNON, J. This matter comes before us upon the petition of Donald L. Schott for a writ of habeas corpus seeking his discharge from allegedly illegal restraint.

Petitioner, an assistant to the Solicitor of the city of Cincinnati, was held in contempt of court by a Judge of the Hamilton County Municipal Court upon refusal to comply with an order to furnish a bill of particulars. Thereupon, Shott was placed in the custody of the bailiff, the order of court reciting that he was "there to remain until he shall provide the defendant with a bill of particulars or be otherwise duly discharged."

One James Tucker had been charged in an affidavit filed in the Hamilton County Muncipal Court with a violation of an ordinance of the city of Cincinnati. The defendant filed a motion for a bill of particulars requesting that the prosecution "set up specifically the nature of the offense charged," which motion was granted.

Petitioner refused to comply with the subsequent order of court, stating that he did so upon the authority of *Cincinnati* v. *McKinney,* 101 Ohio App. 511.

The trial judge appointed counsel for the defendant, Tucker, to represent the court in the filing of an answer to the petition for the writ.

Counsel for the court filed a demurrer to the petition, contending that this court has no jurisdiction of the subject of the action and that the petition does not state facts which show a cause of action. Essentially, he supports these claims with a reference to the Code and reliance upon the axiom that habeas corpus cannot be used as a substitute for appeal.

Section 2725.05 of the Revised Code provides, in part:

"If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magis-

trate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed. * * *''

In reiterating our overruling of this demurrer, we wish to make it plain that we do not cavil with either the Code or the general limitation placed upon use of the writ. We agree that, ordinarily, a court of general jurisdiction, legally competent to determine its own jurisdiction, having acquired jurisdiction over persons or subject matter, will not be interfered with by habeas corpus proceedings while the case is pending and undetermined. 26 Ohio Jurisprudence 2d 553, Habeas Corpus, Section 7, and cases cited thereunder.

However, upon the facts before us, we are constrained to take the position that the question whether the petitioner, Schott, has been denied due process of law has been raised.

Beyond question, no citizen of Ohio may be deprived of his liberty without due process of law.

Therefore, one who is deprived of his liberty by an Ohio court without due process of law is entitled to a writ of habeas corpus for the purpose of inquiring into the matter. 26 Ohio Jurisprudence 2d 568, Habeas Corpus, Section 14, and cases cited thereunder.

While the phrase is susceptible of a variety of interpretations, for the purposes of this matter before us we adopt the following definition. Due process of law is an exertion of the powers of government as the settled maxims of law permit and sanction, and under such safeguards for the protection of individual rights as those maxims prescribe for the class of cases to which the one in question belongs. *State, ex rel. Hoel,* v. *Brown,* 105 Ohio St. 479, at 485.

We view the instant case not as one broaching a question properly to be decided upon appeal but one bringing before us the personal rights of the petitioner himself. His right to protection from deprivation of his liberty is completely separable from the merits of the case in which the petitioner was acting as solicitor representing the people.

The petitioner in his professional capacity took a stand on a point of law; the trial judge assumed an opposite stance. When the advocate refused to alter his position, he was held to be in contempt. It is essential to keep in mind that what the solicitor did, rather than the manner in which he acted, was the basis for the ruling of the court.

The general rule, of such age that it is beyond dispute, is that the ground, principle, or reason of a decision made by a higher court is binding as authority on the inferior court.

This applies to all lower courts. The Court of Appeals is bound by the Supreme Court's last decision on the question involved. It is immaterial whether the reasoning advanced in support of the decision is well or ill founded; when the Supreme Court of Ohio lays down the rules of law, such rules of law are binding upon the Courts of Appeals of Ohio. A decision by the Supreme Court or the Court of Appeals of a particular county binds the Common Pleas Court of that county. 14 Ohio Jurisprudence 2d 653 *et seq.*, Courts, Section 224 *et seq.*

It is a general rule, then, that a decision of a court which has authority to review the decisions of another court is binding upon the latter court. The decision of an appellate court is evidence of law and in the inferior courts is in the nature of conclusive evidence. For an erudite statement of the development of these fundaments, see *Skelly* v. *Jefferson Branch of the State Bank of Ohio*, 9 Ohio St. 606.

Most recently, it has been said that a court of first impression is bound to follow the rulings of the appellate court of its district. *Hudson Distributors, Inc.,* v. *Eli Lilly & Co.* (Common Pleas), 4 Ohio Misc. 73.

Petitioner stood upon what, in our opinion, is an unequivocal statement of law. Paragraph one of the syllabus of *Cincinnati* v. *McKinney*, 101 Ohio App. 511, states:

"1. A person charged with a misdemeanor in a Municipal Court is not entitled to a bill of particulars."

We hold this to be the law on the subject, and it was the trial judge's duty to so accept it, for, to him, it was "conclusive evidence" as the pronouncement of the Court

of Appeals of his district. There is no need at this juncture to set forth the many and good reasons for such a rule. Suffice it to say that we are convinced that paragraph one of the syllabus, above, declares good law, at least until this court itself, or a court superior to it, decides differently.

The court below, whatever may be its own convictions, must in the discharge of its functions be governed by the settled maxims of law and limit itself as such permit and sanction. An arbitrary refusal so to do is a denial of due process of law.

When the trial judge, being apprised of petitioner's legal position, ignored the compelling authority of *Cincinnati* v. *McKinney, supra*, made his order that a bill of particulars be furnished the accused, and upon petitioner's refusal to comply therewith held him in contempt, his actions violated petitioner's right to due process of law. We further hold that placing petitioner in the custody of a bailiff amounted, for the purposes here, of a deprivation of liberty.

Wherefore, the court finds that petitioner, Donald L. Schott, is illegally restrained of his liberty by the bailiff, Eugene Cox; and it is, therefore, ordered that Donald L. Schott be, and he hereby is, discharged from the custody of Eugene Cox, bailiff, as prayed for in the petition.

*Petitioner discharged from custody.*

Long, P. J., and Hildebrant, J., concur.