THE STATE OF OHIO *v.* NEIHEISEL.

(No. 85 CRB 27423 — Decided January 7, 1986.)

Hamilton County Municipal Court.

*Charles A. Rubenstein,* for plaintiff.
*James N. Perry,* for defendant.

PAINTER, J. This matter came on for ruling on defendant's motion for a bill of particulars. Defendant, Michael Neiheisel, stands charged with vehicular homicide, R.C. 2903.07, a misdemeanor of the first degree. The complaint filed therein alleges that defendant "on or about November 1, 1985, in Hamilton County and State of Ohio, did knowingly while operating a motor vehicle, to wit: 1985 white Pontiac Grand Prix bearing Ohio license plates MN45, negligently cause the death of Dorothy Meister * * *."

Defendant contends that it is essen-tial that he be apprised, by means of the bill of particulars, of what specific conduct is alleged to have "negligently caused" the death of another person. Criminal negligence is defined as a "substantial lapse from due care" under R.C. 2901.22(D). The defendant requests that he be informed as to the nature of the "substantial lapse from due care" that the state intends to show at trial, in order to adequately prepare his defense.

The prosecution resists the granting of a request for a bill of particulars, citing prior case law, especially *Cincinnati* v. *McKinney* (1955), 101 Ohio App. 511 [1 O.O.2d 434], and *In re Schott* (1968), 16 Ohio App. 2d 72 [45 O.O.2d 168], both of which state that a person charged with a misdemeanor in municipal court is not entitled to a bill of particulars. Obviously, since both of the above cases were decided by the court of appeals for this appellate district, they would be binding upon this court, in the absence of some intervening change of the law. *In re Schott, supra,* at 75.

However, both the *McKinney* and *Schott* cases were decided prior to the Supreme Court's promulgation of the Rules of Criminal Procedure, which were effective July 1, 1973. Defendant's motion is filed pursuant to Crim. R. 7(E) which states as follows: "When the defendant makes a written request within twenty-one days after arraignment but not later than seven days before trial, or upon court order, the prosecuting attorney shall furnish the

2

defendant with a bill of particulars setting up specifically the nature of the offense charged and of the conduct of defendant alleged to constitute the offense. A bill of particulars may be amended at any time subject to such conditions as justice requires."

In this particular case the defendant is entitled to a bill of particulars for two separate and independent reasons.

First, the defendant has a right under Crim. R. 7(E) to a bill of particulars. Crim. R. 1(A) provides that the Criminal Rules are applicable to "all courts of this state." There are exceptions provided in Section (C) of Crim. R. 1, but these are not applicable to the case *sub judice.*

The prosecution contends that Crim. R. 7 by its very terms applies to felonies only, but that reading is clearly wrong when the entire rule is considered. Other parts of Crim. R. 7 obviously apply to both felonies and misdemeanors, *e.g.,* Crim. R. 7(D), which allows complaints *and* indictments to be amended. If the prosecution were correct in its contention that all of Crim. R. 7 only applies to felonies, then the state could never amend a misdemeanor complaint. Surely, that result was not intended.

In one of the few cases to consider this issue, the Court of Appeals for Montgomery County has stated that Crim. R. 7(E) applies to all courts, and that a criminal defendant is entitled to a bill of particulars "when the charge contained in the complaint, indictment or information is indefinite or vague and does not fully inform him of the offense with which he is charged * * *, and when the request is timely made, Crim. R. 7(E)." (Citation omitted.) *Dayton* v. *Pate* (Mar. 22, 1984), Montgomery App. No. 8372, unreported, at 10.

The Ohio Supreme Court has stated, though by way of *dictum,* that a defendant may request a bill of particulars in a misdemeanor (DWI) case, citing Crim. R. 7(E). *Barberton* v. *O'Connor* (1985), 17 Ohio St. 3d 218.

Also discussed in the *Pate* case, *supra,* is a separate and independent ground for the granting of a motion for a bill of particulars. That court, citing *State* v. *Fowler* (1963), 174 Ohio St. 362 [22 O.O.2d 416], ruled that defendant has an independent right under Section 10, Article I, Ohio Constitution, to be informed of the specific nature of the charges against him. Said section states as follows: "In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof * * *."

The Ohio Supreme Court has held that: "The right of an accused to be informed of the exact nature of the offense with which he is charged is inherent in our laws and applies equally to cases where one is charged with a misdemeanor or a felony; the basic right is the same in either instance and an accused must be explicitly informed of the offense with which he is charged so that he has an adequate opportunity to prepare his defense." *State* v. *Fowler, supra,* at 364.

The charge against defendant here is sufficiently inexplicit, so as to require the filing of a bill of particulars.

Another unreported case considering the issue is *Columbus* v. *Kilts* (Sept. 15, 1981), Franklin App. Nos. 81AP-222 and 81AP-223, unreported. That case considers a request for a bill of particulars, citing Crim. R. 7(E), but states that the request was not timely made.

The court of appeals of this appellate district considered the matter as late as July 1984 in *State* v. *Redmond* (July 25, 1984), Hamilton App. Nos. C-830783 and C-830784, unreported. In that case, a motion for a bill of particulars had been overruled by the trial court, as not timely filed. The court states as follows: "Assuming, *arguendo,* that Crim. R. 7(E) reaches misdemeanors as well as felonies * * *," and went on to hold that the issue was moot since

the motion had been made more than twenty-one days after arraignment. Therefore, the court of appeals for this district has specifically not decided the issue since the adoption of the Criminal Rules. It is therefore this court's opinion that the prior cases of *In re Schott, supra,* and *State* v. *McKinney, supra,* are inapposite and not binding upon this court. The *McKinney* case was decided in 1955 under totally different statutes, and is clearly not relevant to these proceedings; the *Schott* case was based directly on the *McKinney* case. We have found no law from this appellate district since the adoption of the Criminal Rules. Since a reading of the Criminal Rules clearly entitles defendant to a bill of particulars, said bill of particulars shall be provided by the prosecution in this matter.

*Motion granted.*