THE STATE OF OHIO, APPELLEE, *v.* BECKWITH, APPELLANT.

(No. 12-058—Decided September 21, 1987.)

*John E. Shoop,* prosecuting attorney, and *James F. Mona,* for appellee.

*Cicconetti & Demeter* and *Michael A. Cicconetti,* for appellant.

RIGGS, J. This is an accelerated calendar case involving an appeal from the judgment of the Painesville Municipal Court, finding appellant guilty of driving under the influence of alcohol and of driving with a concentration of greater than .10 of one gram of alcohol per two hundred ten liters of breath.

On April 19, 1986, defendant-

appellant George Beckwith was driving a brown, 1982 Chevette when he was stopped in Madison Township by Officer Michael Torok of the Madison Township Police Department at approximately 1:00 a.m. Officer Torok had clocked appellant travelling in Madison Township at a speed of sixty-five miles per hour in a forty-five-mile-per-hour zone.

Officer Torok believed that appellant was unfit to drive a motor vehicle because he had had too much to drink. Officer Torok did not arrest appellant at that time, but rather told appellant to park his car and made arrangements through his dispatcher to have appellant's neighbor pick him up. Officer Torok received a call approximately fifteen to twenty minutes later, from his department's dispatcher, informing him that the neighbor could not locate appellant.

At approximately 2:15 a.m., while he was travelling westbound on U.S. Route 20 in Madison Township, Officer Torok observed, through his rearview mirror, an automobile approaching at a high rate of speed. Officer Torok pulled off to the side of the road and let the vehicle pass him. Officer Torok recognized that the vehicle was appellant's from the license plate and began to follow the vehicle. Officer Torok testified that he observed the vehicle weaving and straddling the two westbound lanes of the four-lane road.

Officer Torok testified that he followed appellant for approximately one mile before he turned on his overhead lights, then followed him for approximately another two miles before turning on his siren as well. Officer Torok eventually stopped appellant at Parmly Road and U.S. Route 20 in Perry Township.

On cross-examination, Officer Torok testified that he had pulled off the side of the road in the driveway of Sahara Mobile Homes Park to allow appellant's vehicle to pass him. This location is approximately three fourths of a mile east of the Madison Township-Perry Township line. At somewhere near the Perry Township line, Officer Torok activated his overhead lights to pull over appellant. Officer Torok then stated that he followed appellant for approximately one and one-quarter miles past Townline Road — the jurisdictional line of Madison and Perry Townships — and that he did not activate his siren.

Officer Torok detected an odor of alcohol about appellant, but did not have appellant perform field sobriety tests. Officer Torok transported appellant to the Madison Township Police Department for a breath test.

Appellant was cited for operating a motor vehicle with a concentration of greater than .10 of one gram of alcohol per two hundred ten liters of breath; operating a vehicle while under the influence of alcohol; and failing to drive in marked lanes.

On June 20, 1986, a jury trial was had, and appellant was found guilty of the first two offenses. The Painesville Municipal Court ordered that appellant's driving privileges be suspended for six months, and also ordered appellant to spend sixty days in jail and pay a $300 fine.

On July 18, 1986, appellant filed a timely notice of appeal. Appellant has filed the following assignment of error:

"The trial court erred in overruling defendant's motion to dismiss and/or suppress based on appellant's illegal arrest."

Appellant argues that because Officer Torok arrested him in Perry Township, outside his Madison Township jurisdiction, the arrest was in contravention of R.C. 2935.03 and was invalid. Appellant's argument is not well-taken.

R.C. 2935.03(D) provides, in pertinent part:

"If a * * * police officer * * * is authorized by division (A), (B), or (C) of this section to arrest and detain, within the limits of the political subdivision * * * in which he is appointed, employed, or elected, a person until a warrant can be obtained, the peace officer may, outside the limits of the political subdivision, * * * pursue, arrest, and detain that person until a warrant can be obtained if all of the following apply:

"(1) The pursuit takes place without unreasonable delay after the offense is committed;

"(2) The pursuit is initiated within the limits of the political subdivision * * * in which the peace officer is appointed, employed, or elected;

"(3) The offense involved is a felony, a misdemeanor of the first degree or a substantially equivalent municipal ordinance, a misdemeanor of the second degree or a substantially equivalent municipal ordinance, or any offense for which points are chargeable pursuant to division (G) of section 4507.021 of the Revised Code."

In this case, each of the three elements of R.C. 2935.03(D) has been substantially met.

Officer Torok stopped appellant for speeding at 1:00 a.m., and determined that appellant was unable to drive safely because he was under the influence of alcohol. One hour and fifteen minutes later Officer Torok again observed the same vehicle speeding. It was reasonable for Officer Torok to assume, when he saw the vehicle for the second time, that the offense of driving under the influence of alcohol was taking place, and he subsequently began his pursuit of appellant without unreasonable delay.

Second, Officer Torok's pursuit of appellant was clearly initiated within the limits of Madison Township, his own political subdivision. Officer Torok's testimony indicates that he began following appellant in Madison Township. Thus, the second element of R.C. 2935.03(D) has been met.

Finally, the · charge of driving under the influence constitutes a first degree misdemeanor, thus satisfying the requirements of R.C. 2935.03(D) (3).

Thus, Officer Torok's substantial compliance with R.C. 2935.03 justified his extraterritorial stop and arrest of appellant.

Furthermore, this court recently addressed a similar case in *State* v. *Pruey* (Feb. 6, 1987), Lake App. No. 11-246, unreported. *Pruey* involved a case where an officer made an extraterritorial stop of a drunk driver, and detained the driver until an officer within the jurisdiction arrived to arrest the driver. In holding that the officer in *Pruey* had the right to stop the driver outside his jurisdiction, this court advised at page 6 of its opinion:

"The public policy of this state suggests that when a law enforcement officer sees a clear violation of law — albeit a misdemeanor offense — the officer ought to do what is *reasonable,* under the circumstances, to prevent the public from being injured. An officer should not be placed in the position where he or she must view drivers who are endangering the lives of others, without having the authority to stop the drivers and their conduct. * * *" (Emphasis *sic.*)

Officer Torok acted reasonably, under the circumstances in this case, to protect the safety of the public and of appellant himself. For all of the foregoing reasons, appellant's assignment of error is overruled and the judgment of the lower court is affirmed.

*Judgment affirmed.*

COOK, P.J., and DOWD, J., concur.

THOMAS M. DOWD, J., retired, of

the Hardin County Court of Common Pleas, sitting by assignment.

ROLAND W. RIGGS, J., retired, of the Washington County Court of Common Pleas, sitting by assignment.