OPINION
This is an accelerated appeal taken from a final judgment of the Chardon Municipal Court. Appellant, Joseph M. Dzubak, appeals his conviction for driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1), following the denial of his motion to suppress the evidence or dismiss the charges.
On August 27, 1999, appellant, Joseph M. Dzubak, was stopped by the Bainbridge Township Police ("B.T.P."). As a result of the stop, he was charged with: driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1) and 4511.19(A)(3); driving with a suspended license, in violation of R.C. 4507.02(B); failure to control, in violation of R.C. 4511.202; and leaving the scene of an accident, in violation of R.C. 4549.02.
On January 18, 2000, appellant filed a motion to suppress and/or dismiss. In support of his motion, appellant argued that the traffic stop occurred outside the jurisdictional boundaries of Bainbridge Township. On December 28, 1999, a hearing was held upon appellant's motion, which was subsequently denied. The transcript of the hearing is unavailable due to a tape recording error. As a result, the parties have submitted an agreed statement of facts, pursuant to App.R. 9(D). Thus, the facts relevant to this appeal are as follows: (1) a citizen thought he saw the mirror of a truck strike a mailbox in Bainbridge Township, Ohio; (2) the citizen followed the vehicle and called the B.T.P.; (3) the citizen lost sight of the truck in Solon, Cuyahoga County; (4) B.T.P. officers first sighted the truck on S.R. 91 in Solon, approximately 2 to 3 miles outside of Bainbridge Township; (5) the officers followed the vehicle into a gas station, without siren or overhead lights; (6) the officers observed light damage to the vehicle's passenger side mirror; (6) upon exiting the truck, appellant was stopped, detained, and arrested outside the jurisdictional boundaries of the B.T.P. by the B.T.P officers; and, (7) no warrant was obtained prior to the arrest.
Eventually, appellant pleaded no contest and was: found guilty of driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1); fined $1,000, plus costs, with $250 suspended; sentenced to 180 days, with 170 suspended and three years probation; and, was given a 365 day license suspension, with no privileges. All other charges were dismissed at appellant's cost.
Appellant raises the following assignment of error:
 "The trial court erred in failing to grant defendant's motion to suppress and/or dismiss."
 To determine whether the trial court erred in denying appellant's motion to suppress and/or dismiss, we must first decide whether the B.T.P. officers had the authority to arrest appellant outside Bainbridge Township; i.e. whether the arrest was illegal, thus, a violation of appellant's Fourth Amendment right to be free from unreasonable search and seizure. In his sole assignment of error, appellant contends that a search made beyond a police officer's jurisdiction is per se
unreasonable under the Fourth Amendment and that, pursuant to the exclusionary rule, all evidence obtained as a result of that search must be suppressed. He argues that the B.T.P. officers were not in hot pursuit, thus rendering R.C. 2935.03(D) inapplicable.
In response, appellee asserts three arguments. First, it argues that "a telephone tip can, by itself, create reasonable suspicion justifying an investigatory stop, where the tip has sufficient indicia of reliability." Maumee v. Weisner (1999), 87 Ohio St.3d 295, paragraph two of the syllabus. Second, appellee argues that a police officer may make an extraterritorial arrest if there is substantial compliance with R.C.2935.03(D). State v. Beckwith (1987), 38 Ohio App.3d 30. Third, appellee argues that a violation of statutory jurisdictional provisions does not trigger the exclusionary rule. Appellee argues that while this court held that the exclusionary rule applies to investigatory stops which fail to comply with the requirements of R.C. 2953.03, our decision in State of Ohio vs. Wendel (Dec. 23, 1999), Geauga App. No. 97-G-2116, unreported, conflicts with the decisions of the Second, Fourth, Ninth, and Tenth Districts.[1]
At a hearing on a motion to suppress, the trial court functions as the trier of fact
and is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. State v. Mills
(1992), 62 Ohio St.3d 357, 366. On review, an appellate court must accept the trial court's findings of fact, if those findings are supported by competent, credible evidence. State v. Retherford (1994),93 Ohio App.3d 586, 592. After accepting such factual findings as true, the reviewing court must then independently determine, as a matter of law, whether or not the applicable legal standard has been met. Id.
In the case sub judice, the facts are stipulated. Thus, we must make an independent determination as to whether or not the applicable legal standard has been met, as a matter of law. R.C. 2935.03, generally stands for the proposition that a peace officer making a warrantless arrest is limited to his or her territorial jurisdiction, with several enumerated exceptions. One such exception is the doctrine of hot pursuit, as codified in R.C. 2935.03 (D).
R.C. 2935.03 provides that:
 "(D) If a * * * police officer of a township * * * is authorized by division (A) or (B) of this section to arrest and detain, within the limits of the political subdivision * * * in which he is appointed, employed, or elected, a person until a warrant can be obtained, the peace officer may, outside the limits of the political subdivision * * * in which he is appointed, employed, or elected, pursue, arrest, and detain that person until a warrant can be obtained if all of the following apply:
 "(1) The pursuit takes place without unreasonable delay after the offense is committed.
 "(2) The pursuit is initiated within the limits of the political subdivision, metropolitan housing authority housing project, college, or university in which the peace officer is appointed, employed, or elected.
 "(3) The offense involved is a felony, a misdemeanor of the first degree or a substantially equivalent municipal ordinance, a misdemeanor of the second degree or a substantially equivalent municipal ordinance, or any offense for which points are chargeable pursuant to division (G) of section 4507.021 [4507.02.1] of the Revised Code."
 An appellate court indulges in a presumption of the regularity of the proceedings below. A party asserting error in the trial court bears the burden in the court of appeals to demonstrate error by reference to matters made part of the record. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199; App.R. 9(B). In the instant case, neither party asserts that the B.T.P. officers' conduct fully complied with the requirements of R.C. 2935.03(D). In fact, the trial court's judgment entry reflects the court's determination that the statutory requirements were not met. Instead, appellee contends that the officers substantially complied with the rule.
The record sub judice does not contain sufficient factual information to allow us to independently determine whether a statutory violation occurred.[2] Therefore, we presume the regularity of the trial court's judgment that the B.T.P. officers committed violation of 2935.03. As such, we must conclude that the trial court erred in failing to suppress all the evidence gathered against appellant, as a result of the illegal stop. See Wendel, supra (adopting the reasoning "that an investigatory stop and arrest made in contravention of R.C. 2935.03 is per se
unreasonable under the Fourth Amendment, thereby requiring the suppression of any evidence flowing from the stop and arrest.")
The majority of this court has held that a violation of a statutory provision constitutes a per se unreasonable seizure under the Fourth Amendment, thereby triggering a mandatory application of the exclusionary rule to suppress all evidence resulting from the stop. See Wendel,supra; State of Ohio v. Weiderman (Oct. 6, 2000), Portage App. No. 98-P-0109, unreported. "A decision of a court which has authority to review the decisions of another court is binding upon the latter court. The decision of an appellate court is evidence of law and, in an inferior court, is in the nature of conclusive evidence." In re Schott (1968),16 Ohio App.2d 72, 75. "The general rule, of such age that it is beyond dispute, is that the ground, principle, or reason of a decision made by a higher court is binding as authority on the inferior court." Id. Thus, despite its peronal preference, the trial court erred in relying on the dissenting opinion in State of Ohio vs. Wendel (Dec. 23, 1999), Geauga App. No. 97-G-2116, unreported.
We note that since the B.T.P. officers were outside their jurisdiction, they lacked the authority to arrest appellant. Appellee's argument that a telephone tip can create reasonable suspicion justifying an investigatory stop is immaterial without jurisdiction. Further, because of the deficiencies in the evidence presented to this court, we are unable to factually determine that appellee substantially or fully complied with R.C. 2935.03(D). Lastly, appellee's argument that a violation of statutory jurisdictional provisions does not trigger the exclusionary rule, contradicts the precedent set forth by this court inWendel. Based on the foregoing reasons, appellant's sole assignment of error has merit.
The judgment of the trial court is reversed and remanded.
 ____________________________ JUDGE ROBERT A. NADER
O'NEILL, P.J., concurs, GRENDELL, J., dissents with dissenting opinion.
[1] On March 6, 2000, this court certified the following conflict: "whether an extraterritorial investigatory stop of a motorist by a police officer for an offense committed outside of the officer's statutory jurisdiction automatically constitutes a per se seizure under the Fourth Amendment, thereby triggering the mandatory application of the exclusionary rule to suppress all evidence flowing from the stop."
[2] We note that since the B.T.P. officers first sighted and followed appellant while outside their jurisdictional boundaries, the officers' conduct can best be described as search, not pursuit. Thus, it appears that the officers could not meet the requirements of 2935.03.