For the reasons stated below, I respectfully dissent.
First, this case is factually distinguishable from State v. Wendel
(Dec. 23, 1999), Geauga App. No. 97-G-2116, unreported. In Wendel, both
the traffic infraction giving rise to the police stop and the subsequent traffic stop occurred outside of the arresting officer's territorial jurisdiction. In this case, the initial infraction (striking a mailbox) occurred in Bainbridge Township the arresting officer's territorial jurisdiction.
Second, I respectfully disagree with the majority's characterization of the police officer's conduct in pursuing the vehicle described by the citizen telephone call as a "search." The record demonstrates that the Bainbridge police officer was pursuing a described vehicle that had been reported to have been involved in an infraction within Bainbridge Township. The officer was engaged in conduct, initiated in Bainbridge Township, to overtake or apprehend appellant for a violative transgression that occurred within Bainbridge Township. Such law enforcement conduct constitutes "pursuit," not a "search."
Third, this court has held that a police officer may make an extra-territorial arrest if the officer acts in substantial compliance with R.C. 2935.03(D). State v. Beckwith (1987), 38 Ohio App.3d 30,526 N.E.2d 105.
While the Bainbridge officer could have detained appellant until a Solon police officer arrived, (see State v. Pruey [Feb. 6, 1987], Lake App. No. 11-246, unreported, 1987 Ohio App. Lexis 5798), the common sense approach taken by this court at pp 6-7 in Pruey has equal application in this case:
 "The public policy of this state suggests that when a law enforcement officer sees a clear violation of law albeit a misdemeanor offense the officer ought to do what is reasonable, under the circumstances, to prevent the public from being injured. An officer should not be placed in the position where he or she must view drivers who are endangering the lives of others, without having the authority to stop the drivers and their conduct."
 Fourth, a telephone tip can, by itself, create reasonable suspicion justifying an investigatory stop, where, as in this case, the tip has sufficient indicia of reliability. Maumee v. Weisner (1999), 87 Ohio St.3d 295, 296.
Finally, while I am aware that the majority of this court's panel inWendel reflects this court's stated position that a statutory violation, alone (without a constitutional right deprivation) triggers the exclusionary rule, I am troubled that this (Wendel) "precedent" conflicts with the Supreme Court of Ohio's view that "the exclusionary rule will not ordinarily be applied to evidence which is the product of police conduct violative of state law but not violative of constitutional rights." Kettering v. Hollen (1980), 64 Ohio St.2d 232, 235. The Ohio Supreme Court's ruling in Hollen would seem to trump any precedential value of Wendel.
For the reasons enumerated above, I would affirm the decision of the Chardon Municipal Court denying appellant's motion to suppress, and I would affirm the decision of that court.