[Cite as *State v. Ellis*, 2013-Ohio-2342.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

       Plaintiff-Appellee

v.

THEODORE ELLIS

       Defendant-Appellant


Appellate Case No.    25422

Trial Court Case No.   2012-CR-1338/
                       2012-CR-1338/1
(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of June, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

BRENT E. RAMBO, Atty. Reg. No. 0076969, 15 West Fourth Street, Suite 250, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

THEODORE ELLIS, Inmate No. 668-984, London Correctional Facility, P.O. Box 740, London, Ohio 43140
      Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}     On June 29, 2012, Defendant-Appellant, Theodore Ellis, was indicted on one count of Illegal Cultivation of Marijuana in an amount greater than 5,000 grams, but less than 20,000 grams, and one count of Possession of Marijuana in an amount greater than 5,000 grams, but less than 20,000 grams.   Ellis entered into a plea bargain in which he pled guilty to the lesser included offense of Possession of Marijuana, a third degree felony.   Since the amount he possessed was just over 5,000 grams, his charge was reduced to reflect possession of an amount greater than 1,000 grams, but less than 5,000 grams.   The trial court sentenced Ellis to 24 months in prison and suspended his driver's license for two years.   Ellis then appealed his sentence.

{¶ 2}     Ellis's appointed counsel filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967), concluding  that there are no meritorious issues for appeal, and asserting three possible assignments of error.   On February 7, 2013, this Court granted Ellis 60 days in which to file a *pro se* brief assigning any errors for the Court's review.   Ellis did not file a brief.

{¶ 3}     This district previously noted in *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242:

> We are charged by *Anders* to determine whether any issues involving potentially reversible error that are raised by appellate counsel or by a defendant in his pro se brief are "wholly frivolous." * * * If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint

different appellate counsel to represent the defendant.

*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal. (Citations omitted.) *Id.* at ¶ 7-8

**{¶ 4}** Ellis's First Possible Assignment of Error is as follows:

The Trial Court May Have Erred in Imposing a Prison Term.

**{¶ 5}** Under this possible assignment of error, Ellis argues that the trial court may have erred in sentencing him to prison because it considered improper sentencing factors.

**{¶ 6}** R.C. 2925.11(C)(3)(d) governs the penalties for possession of marijuana in an amount greater than 1,000 grams, but less than 5,000 grams, and it states that R.C. 2929.13(C) "applies in determining whether to impose a prison term on the offender." R.C. 2929.13(C) directs the trial court to implement the sentencing principles set forth in R.C. 2929.11 and 2929.12.

**{¶ 7}** Pursuant to R.C. 2929.11(A):

A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others

and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶ 8} Under R.C. 2929.12(A), the sentencing trial court "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." The statute also states that a court:

shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing. R.C. 2929.12(A).

{¶ 9} In this case, at Ellis's sentencing hearing, the trial court considered: (1) the fact that Ellis had a prior felony conviction for the same type of offense; (2) that he tested positive for marijuana and methamphetamine while out on recognizance; (3) that he was non-compliant with pretrial services while out on recognizance; (4) that he was reported to have a general defiant attitude; and (5) that he possessed a substantial amount of drugs. The trial court also considered the fact that Ellis did not attend recommended treatment at The Center for Alcoholism and Drug

Addiction Services. According to the trial court, this demonstrated Ellis's lack of desire to change his ways. These factors address Ellis's recidivism, the need for rehabilitation, the need for incapacitation to deter him from future crime, and the severity of his conduct. These are all proper factors to be considered under R.C. 2929.11 and 2929.12. Accordingly, the trial court did not err in sentencing Ellis to prison.

{¶ 10}  Ellis's First Possible Assignment of Error is frivolous and is overruled.

{¶ 11}  Ellis's Second Possible Assignment of Error states:

> The Trial Court May have Erred By Considering Factors in Sentencing that Violate *State v. Foster*.

{¶ 12}  Under this potential assignment of error, Ellis argues that during sentencing, the trial court improperly considered the fact that he was selling drugs when this fact was not a part of Ellis's plea, nor was it part of the record. Ellis argues that, under *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the trial court improperly used the fact that he was selling drugs to enhance his prison sentence.

{¶ 13}  *Foster* provides that, "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. Lewis*, 2d Dist. Montgomery No. 25225, 2013-Ohio-1581, ¶ 11, quoting *Foster* at paragraph seven of the syllabus. However, post-*Foster* case law provides that, during sentencing, a trial court may take charges and supporting facts into account that do not result in a conviction. For example, in *State v. Banks*, 10th Dist. Franklin Nos. 10-AP-1065, 10AP-1066, and 10AP-1067,

2011-Ohio-2749, the Tenth District Court of Appeals stated:

> Appellant also raises in this assignment of error the contention that the trial court wrongly considered, for purposes of sentencing, the dismissed counts for driving under the influence of alcohol or drugs and the specifications for operating a vehicle while his license was suspended. We first note that, because appellant could have raised this on direct appeal without resorting to outside evidence, the issue is barred by res judicata. *Nevertheless, in sentencing a defendant, a court may consider charges that did not result in a conviction, including charges that were dismissed by the state pursuant to a plea agreement.* *State v. Wiles* (1991), 59 Ohio St.3d 71, 78. See also *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, ¶ 16 (a sentencing court may consider a criminal charge and supporting facts that are dismissed under a plea agreement). "[N]o caselaw * * * would prohibit a trial judge from taking into account charges that are reduced or dismissed as a result of a plea bargain, [and] in fact, the history of Ohio law indicates that the sentencing judge may consider such factors." *State v. Starkey*, 7th Dist. No. 06 MA 110, 2007-Ohio-6702, ¶ 19. (Emphasis added.)

*Banks* at ¶ 24.

{¶ 14} Cases within our district are in accord with *Banks*, including *State v. Bodkins*, 2d Dist. Clark No. 10-CA-38, 2011-Ohio-1274, and *State v. Parks*, 2d Dist. Montgomery No. 24493, 2012-Ohio-1981, ¶ 21. We noted in *Bodkins* that:

> As for the particular factors the trial court considered in Bodkins' case, we see no error. This court has recognized that a trial court may rely on "a broad

range of information" at sentencing. *State v. Bowser*, 186 Ohio App.3d 162, 926 N.E.2d 714, 2010-Ohio-951, ¶ 13. "The evidence the court may consider is not confined to the evidence that strictly relates to the conviction offense because the court is no longer concerned * * * with the narrow issue of guilt." *Id*. at ¶ 14, 926 N.E.2d 714. Among other things, a court may consider hearsay evidence, prior arrests, facts supporting a charge that resulted in an acquittal, and facts related to a charge that was dismissed under a plea agreement. *Id*. at ¶ 15-16, 926 N.E.2d 714. "[B]ased on how the court perceives true facts in a case, it may believe that the offender committed a crime other than, or in addition to, the one to which he pleaded." *Id*. at ¶ 20, 926 N.E.2d 714. Notably, a court may consider "allegations of uncharged criminal conduct found in a PSI report[.]" *Id*. at ¶ 15, 926 N.E.2d 714. *Bodkins* at ¶ 43.

**{¶ 15}** In the present case, Ellis admitted off the record that he sold drugs, and the trial court considered this fact when it sentenced him for Possession of Marijuana. Ellis takes issue with this consideration because he did not plead guilty to selling marijuana and he did not admit to selling it on the record. His concern is of no consequence, however, because a trial court may consider " 'a broad range of information when sentencing a defendant,' " including " 'allegations of uncharged criminal conduct.' " *Id*. at ¶ 43, quoting *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 13 and 15 (2d Dist.). Accordingly, when sentencing Ellis, the trial court properly considered the fact that he sold drugs.

**{¶ 16}** Ellis's Second Possible Assignment of Error is frivolous and is overruled.

{¶ 17}   Ellis's Third Possible Assignment of Error states:

> The Trial Court May Have Erred By Engaging in the Plea-Taking Colloquy With Both Appellant and his Codefendant Simultaneously.

{¶ 18}   Under this potential assignment of error, Ellis argues that his guilty plea may not have been knowing, intelligent, and voluntary because, at his plea hearing, he answered the trial court's questions jointly with his co-defendant, Victoria Stauffer.

{¶ 19}   The record establishes that, at the plea hearing, Ellis and Stauffer were both at the podium addressing the trial court at the same time, but that the trial court addressed Ellis and Stauffer individually and elicited separate responses from them.   The trial court addressed Ellis and Stauffer in the following manner during the entire plea hearing:

The Court:   Do you understand that upon accepting your plea, the Court is going to proceed to a judgment of guilty against you and I'm going to set your case down for sentencing at a later date.   Do you understand that, Mr. Ellis?

Ellis:   Yes, Your Honor.

The Court:   Ms. Stauffer?

Stauffer:   Yes, Your Honor.   Transcript, p. 11, ln. 2-8.

{¶ 20}   The record does not indicate that this questioning format caused any confusion or misunderstanding.   The record also indicates that the trial court's plea colloquy complied with the mandates of Crim.R. 11(C).   The trial court asked Ellis whether he understood the charge he was pleading guilty to and the maximum penalty involved. The trial court also asked Ellis whether he understood the constitutional rights that he was waiving by pleading guilty, the effect

of pleading guilty, and whether he was pleading guilty voluntarily. Ellis responded, yes to all of the trial court's questions, and then entered a guilty plea. For the foregoing reasons, we find that Ellis knowingly, intelligently, and voluntarily pled guilty to Possession of Marijuana in amount greater than 1,000 grams, but less than 5,000 grams.

{¶ 21} Ellis's Third Possible Assignment of Error is frivolous and overruled.

{¶ 22} Pursuant to our responsibilities under *Anders*, we have conducted an independent review of the entire record, and, having done so, we agree with the appointed counsel that there are no meritorious issues to present on appeal. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Brent E. Rambo
Hon. Dennis J. Adkins
Theodore Ellis