[Cite as *State v. Meeks*, 2019-Ohio-4124.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                     CASE NO. 8-19-24

      v.

JESSICA J. MEEKS,                         O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 18 02 0030

**Judgment Affirmed**

**Date of Decision:** October 7, 2019

APPEARANCES:

    *William T. Cramer* for Appellant

    *Alice Robinson-Bond* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Jessica J. Meeks ("Meeks"), appeals the May 13, 2019 judgment entry of sentence of the Logan County Court of Common Pleas. We affirm.

{¶2} On February 13, 2018, the Logan County Grand Jury indicted Meeks on: Counts One, Two, and Three of involuntary manslaughter in violation of R.C. 2903.04(A), (C), first-degree felonies; Count Four of corrupting another with drugs in violation of R.C. 2925.02(A)(3), (C)(1), a second-degree felony; Count Five of trafficking in heroin in violation of R.C. 2925.03(A)(2), (C)(6)(a), a fifth-degree felony; Count Six of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(1)(a), a fourth-degree felony; and Count Seven of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), (B)(1), a first-degree felony. (Doc. No. 1). On February 16, 2018, Meeks appeared for arraignment and entered pleas of not guilty. (Doc. No. 11).

{¶3} On April 10, 2018, under a superseding indictment, the Logan County Grand Jury indicted Meeks on the same counts; however, the predicate offenses associated with Counts One, Two, and Three were amended. (Doc. No. 24). The superseding indictment also amended the dates of the offenses as described in Counts Three and Seven. (*Id.*). On April 13, 2018, Meeks appeared for arraignment and entered pleas of not guilty to the superseding indictment. (Doc. No. 34).

{¶4} On May 8, 2018, under a second superseding indictment, the Logan County Grand Jury indicted Meeks on the counts of which she was indicted for in the original indictment retaining only the date amendments from the first superseding indictment. (Doc. No. 37). Meeks appeared for arraignment on May 14, 2018 and entered pleas of not guilty to the second superceding indictment. (Doc. No. 45).

{¶5} On March 4, 2019, Meeks withdrew her pleas of not guilty and entered guilty pleas, under a written plea agreement, to an amended indictment. (Doc. No. 220). Specifically, in exchange for her guilty pleas, the State amended Count One to reckless homicide in violation of R.C. 2903.041(A), (B), a third-degree felony, and Count Seven to engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a second-degree felony, and dismissed Counts Two, Three, Four, Five, and Six. (*Id.*). The trial court accepted Meeks's guilty pleas, dismissed Counts Two, Three, Four, Five, and Six, and ordered a presentence investigation ("PSI"). (*Id.*).

{¶6} On April 8, 2019, the trial court sentenced Meeks to 36 months in prison on Count One, eight years in prison on Count Seven, and ordered the terms be served consecutively for an aggregate sentence of eight years and 36 months. (Doc. No. 225). The trial court filed its judgment entry of sentence on April 9, 2019.[1] (*Id.*).

---

[1] On May 13, 2019, the trial court filed a nunc pro tunc sentencing entry correcting a clerical error. (Doc. No. 254).

**{¶7}** Meeks filed a notice of appeal on May 6, 2019, and raises two assignments of error for our review. (Doc. No. 245). For ease of discussion, we will discuss Meeks's assignments of error together.

**Assignment of Error No. I**

**Maximum consecutive prison terms were clearly and convincingly contrary to law.**

**Assignment of Error No. II**

**Clear and convincing evidence demonstrates that the record does not support maximum consecutive prison terms.**

**{¶8}** In her assignments of error, Meeks argues that the trial court erred by imposing the maximum term of imprisonment. In particular, Meeks argues that her sentenced is unsupported by the record. Further, Meeks argues that her sentence is clearly and convincingly contrary to law because the trial court engaged in "minimal discussion" regarding the sentencing factors, and focused too heavily on punishing the offender under R.C. 2929.11(A) and the negotiated-plea agreement at the sentencing hearing. (Appellant's Brief at 8).

*Standard of Review*

**{¶9}** Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002,

¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶10}** "It is well-established that the statutes governing felony sentencing no longer require the trial court to make certain findings before imposing a maximum sentence." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 29, citing *State v. Dixon*, 2d Dist. Clark No. 2015-CA-67, 2016-Ohio-2882, ¶ 14 ("Unlike consecutive sentences, the trial court was not required to make any particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 9 ("The law no longer requires the trial court to make certain findings before imposing a maximum sentence."). Rather, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. In this case, as a third-degree felony, reckless homicide, carries a non-mandatory sanction of 9-months to 36-months imprisonment. R.C. 2903.041(A); 2929.13(D) (2016) (current version at R.C. 2929.13(D) (2019)); 2929.14(A)(3)(b) (2016) (current version at

R.C. 2929.14(A)(3)(b) (2019)). As a second-degree felony, engaging in a pattern of corrupt activity, carries a non-mandatory sanction of two-years to eight-years imprisonment. R.C. 2923.32(A)(1), (B)(1); 2929.13(D); 2929.14(A)(2)(b) (2016) (current version at R.C. 2929.14(A)(2)(b) (2019)). Because the trial court sentenced Meeks to 36 months in prison on Count One and eight years in prison on Count Two, the trial court's sentences fall within the statutory range. "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

{¶11} "R.C. 2929.11 provides, in pertinent part, that the 'overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Id.*, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B). "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E)

relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶12} "Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to 'state on the record that it considered the statutory criteria or discuss[ed] them.'" *Maggette* at ¶ 32, quoting *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995). "'"A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes."'" *Id.*, quoting *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, ¶ 14, quoting *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18. At Meeks's sentencing hearing and in its sentencing entry, the trial court considered the R.C. 2929.11 and 2929.12 factors. (April 8, 2018 Tr. at 32, 36); (Doc. No. 254).

{¶13} In determining the seriousness of Meeks's conduct, the trial court found that the three victims had suffered serious physical harm—all three died from overdoses. *See* R.C. 2929.12(B)(2). The trial court also found that the victims' deaths were the result of Meeks's involvement in an organized criminal activity.

*See* R.C. 2929.12(B)(7). The trial court did not state whether any of the factors under R.C. 2929.12(C)—(evidence indicating that Meeks's conduct is less serious than conduct normally constituting the offense)—were applicable.

**{¶14}** In assessing whether Meeks was likely to commit future crimes, the trial court weighed her prior record and determined that Meeks had not responded favorably to previously imposed sanctions. The trial court found that Meeks was out on bond at the time that she was selling "poison" (heroin laced with fentanyl and other substances) and was aware that the drugs were lethal, and rather than take the "poison" off the market, she instead "marketed [the drugs] with a warning of caution. (Apr. 8, 2019 Tr. at 33); (*See* Apr. 8, 2019 Tr. at 37); (PSI at 3-8). Specifically, Meeks told her drug customers to "not do it alone" and provided them suboxone (to revive them) if they overdosed. (*Id.*); (*See id.*); (*Id.*) *See* R.C. 2929.12(D)(1), (D)(2). Moreover, the trial court found that Meeks was aware of the potential harm caused by trafficking drugs because she continued to sell drugs even after selling (drugs) to her boyfriend's brother which resulted in his death.[2] (Apr. 8, 2019 Tr. at 25); (PSI at 3-8). Lastly, the trial court did not indicate whether any of the factors under 2929.12(E)—"factors indicating that the offender is not likely to commit future crimes"—applied.

---

[2] On January 29, 2017 and on March 3, 2017, two additional people overdosed as a result of Meeks's involvement in organized criminal activity. (PSI at 3-8).

{¶15} On appeal, Meeks argues that the trial court abused its discretion by the weight given to the R.C. 2929.12 factors and by sentencing her to a maximum term of imprisonment. In particular, she challenges the trial court's conclusion that her conduct is more serious than conduct normally constituting the offense because the trial court did not apply the appropriate weight to the mitigating evidence relating to the victim's conduct in facilitating the offense. We disagree because "it is '[t]he trial court [that], in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.'" *State v. McKennelly*, 12th Dist. Butler No. CA2017-04-055, 2017-Ohio-9092, ¶ 15, quoting *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 18, citing *State v. Stubbs*, 10th Dist. Franklin No. 13AP-810, 2014-Ohio-3696, ¶ 16. "The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence." *Id.*

{¶16} Next, Meeks argues that the trial court abused its discretion by weighing the recidivism factors and by reaching the conclusion that Meeks did not respond favorably to community-control sanctions.[3]  *See* R.C. 2929.12(D)(1). Meeks argues that because her involvement in the criminal enterprise ended on

---

[3] The record reveals that Meeks was ordered to serve intervention supervision in two other cases (that are not subject to this appeal) and that she was under intervention supervision at the time she committed the offenses that are the subject of this case.

February 8, 2017— which was prior to her conviction and placement on community control—the trial court could not find that she was not amenable to community control under R.C. 2929.12(D)(1). Contrary to Meeks's argument, the record reflects that she was arrested as a result of a traffic stop on February 12, 2017 during which she was found to be in possession of drugs and a large amount of cash, which she admitted was from additional drug transactions. (Apr. 8, 2019 Tr. at 27); (PSI at 5). Further, notwithstanding Meeks's account that her involvement in the criminal enterprise ended on February 8, 2017, the PSI reflects that her co-defendant admitted in June 2017 to working with her to distribute drugs. (PSI at 5). Also, the record reflects that Meeks was previously convicted of theft on February 20, 2016. *See* 2929.12(D)(2). Moreover, R.C. 2929.12(D) permits the trial court to consider "any other relevant factors" indicating recidivism. *See* R.C. 2929.12(D). "Furthermore, evidence of other crimes, including crimes that never result in criminal charges being pursued, or *criminal charges that are dismissed as a result of a plea bargain*, may be considered at sentencing." (Emphasis added.) *State v. Ford*, 3d Dist. Union No. 14-10-07, 2010 Ohio-4069, ¶ 12, citing *State v. Starkey*, 7th Dist. No. 06 MA 110, 2007-Ohio-6702, ¶ 17, citing *State v. Cooey*, 46 Ohio St.3d 20, 35 (1989), *superseded by state constitutional amendment on other grounds*, *State v. Smith*, 80 Ohio St.3d 89, 1997-Ohio-355, citing *State v. Tolliver*, 9th Dist. Wayne No. 03CA0017, 2003-Ohio-5050, ¶ 24, citing *United States v.*

*Mennuti*, 679 F.2d 1032, 1037 (2d Cir.1982), and citing *United States v. Needles*, 472 F.2d 652, 654-56 (2d Cir.1973). As such, this argument lacks merit. Finally, Meeks argues that trial court should have weighed in her favor that she was genuinely remorseful under R.C. 2929.12(E)(5). (*See* Apr. 8, 2019 Tr. at 4-7, 34-36). However, even if the trial court found that she was remorseful, it was the trial court's discretion to weigh the factors under R.C. 2929.12(D) and (E) to determine whether Meeks overcame the presumption in favor of prison. Thus, the trial court did not conclude that any of the R.C. 2929.12(E) factors indicating recidivism was less like to commit future crimes were applicable. For these reasons, the trial court did not abuse its discretion by concluding that a prison term was "the most effective way to comply with the purposes and principles set forth in 2929.11" under 2929.12(A) on Counts One and Seven.

**{¶17}** Therefore, we will not reverse Meeks's sentence because (1) it is within the permissible statutory range, (2) the trial court properly considered the criteria found in R.C. 2929.11 and 2929.12, (3) the record clearly and convincingly supports the trial court's findings under R.C. 2929.11 and 2929.12, and (4) her sentence is not otherwise contrary to law. *See Maggette*, 2016-Ohio-5554, at ¶ 36. For these reasons, Meeks's assignments of error are overruled.

**{¶18}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**