[Cite as *State v. Brill*, 2023-Ohio-404.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

GARY LEON BRILL,

    DEFENDANT-APPELLANT.

CASE NO. 14-22-20


O P I N I O N


Appeal from Union County Common Pleas Court
Trial Court No. 22-CR-0131

**Judgment Affirmed**

Date of Decision:  February 13, 2023


APPEARANCES:

    *Jonathan T. Tyack* **for Appellant**

    *Raymond Kelly Hamilton* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Gary L. Brill ("Brill") appeals the judgment of the Union County Court of Common Pleas, challenging the sentence imposed by the trial court on several grounds. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} Brill was born in 1962. Doc. 1. Through his friendship with the W. family, he came to know A.W. when she was three or four years old. PSI. Brill hosted 4-H activities on his farm. PSI. A.W. participated in these 4-H activities as a child. PSI. In between July 1, 2019 and October 31, 2019, Brill engaged in sexual conduct on multiple occasions with A.W., who turned thirteen during the timeframe in which this sexual conduct was occurring. Doc. 1. PSI. Tr. 16.

{¶3} On June 21, 2022, Brill was charged, via a bill of information, with one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), a felony of the third degree. Doc. 1. Brill then pled guilty to the charge against him. Doc. 3. On August 18, 2022, Brill appeared before the trial court for sentencing. Doc. 14. The trial court sentenced Brill to serve the maximum prison term of sixty months. Doc. 14, 15. The trial court then issued its judgment entry of sentencing on August 18, 2022. Doc. 14.

{¶4} Brill filed his notice of appeal on August 30, 2022. Doc. 20. On appeal, he raises the following four assignments of error:

**First Assignment of Error**

**The maximum sentence imposed in this case is clearly and convincingly contrary to law.**

**Second Assignment of Error**

**The Ohio Constitution provides jurisdiction for this Court to review and remand or modify criminal sentences that are contrary to any law. That authority cannot be vacated via statute, and a litigant with a right to appeal cannot be deprived of that right without due process of law.**

**Third Assignment of Error**

**The maximum prison sentence imposed in this case is contrary to law because the specific sentencing findings made by the trial court under R.C. 2929.11 and R.C. 2929.12 are not supported by the record.**

**Fourth Assignment of Error**

**Under the facts and circumstances of this case, the maximum prison sentence imposed upon Mr. Brill amounts to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Ohio Constitution.**

*First Assignment of Error*

{¶5} Brill raises several arguments, seeking to establish that the trial court imposed a sentence that is clearly and convincingly contrary to law by ordering him to serve the maximum prison term for this offense.

Legal Standard

{¶6} R.C. 2953.08 governs appeals based on the felony sentencing guidelines. R.C. 2953.08(A) reads, in its relevant part, as follows:

> **(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who * * * pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:**
>
> **(1) The sentence consisted of or included the maximum definite prison term allowed for the offense by division (A) of section 2929.14 or section 2929.142 of the Revised Code * * * and the court imposed the sentence under one of the following circumstances:**
>
> **(a) The sentence was imposed for only one offense.**
>
> **(b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum definite prison term or longest minimum prison term for the offense of the highest degree.**
>
> **\* \* \***
>
> **(4) The sentence is contrary to law.**

R.C. 2953.08(A)(1). *See State v. Moore*, 142 Ohio App.3d 593, 596, 2001-Ohio-2376, 756 N.E.2d 686, 688 (4th Dist. 2001).

{¶7} "[T]he proper scope of felony sentence review by Ohio appellate courts is set forth in R.C. 2953.08(G)(2)." *State v. Redmond*, 6th Dist. Lucas No. L-18-1066, 2019-Ohio-309, ¶ 15. This section reads, in its relevant part, as follows:

> **(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.**
>
> **The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not**

**whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:**

**(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;**

**(b) That the sentence is otherwise contrary to law.**

R.C. 2953.08(G)(2). *See State v. Taflinger* 3d Dist. Logan No. 8-17-20, 2018-Ohio-456, ¶ 14. "'[O]therwise contrary to law' means 'in violation of statute or legal regulations at a given time.'" *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34, quoting Black's Law Dictionary 328 (6th Ed.1990).

**Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.**

*State v. Sullivan*, 2017-Ohio-8937, 102 N.E.3d 86 (3d Dist.), ¶ 12, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus (1954).

Legal Analysis

**{¶8}** In this assignment of error, Brill raises three main arguments to challenge his sentence. However, no objections were raised to these issues before the trial court. Tr. 19-30. "[W]hen the accused fails to object to the error in the trial court, appellate courts apply the plain-error standard of review." *State v. West*, --- Ohio St.3d ---, 2022-Ohio-1556, --- N.E.3d ---, ¶ 2. Under the Ohio Rules of

Criminal Procedure, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B).

> **"In order to find plain error under Crim.R. 52(B), there must be an error, the error must be an 'obvious' defect in the trial proceedings, and the error must have affected 'substantial rights.'"** *State v. Bowsher*, 3d Dist. Union No. 14-07-32, 2009-Ohio-6524, ¶ 12, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, [2002-Ohio-68,] 759 N.E.2d 1240 (2002). 'The standard for plain error is whether, but for the error, the outcome of the proceeding clearly would have been otherwise.' *State v. Hornbeck*, 155 Ohio App.3d 571, 2003-Ohio-6897, 802 N.E.2d 184, ¶ 16 (2d Dist.), citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978). Notice of plain error is taken "only to 'prevent a manifest miscarriage of justice.'" *State v. Davis*, 3d Dist. Seneca No. 13-16-30, 2017-Ohio-2916, ¶ 23, quoting *Long, supra*, at paragraph three of the syllabus.

*State v. Eitzman*, 3d Dist. Henry No. 7-21-03, 2022-Ohio-574, ¶ 42, quoting *Taflinger*, *supra*, at ¶ 17. Under Crim.R. 52(B), "the *defendant* bears the burden of demonstrating that a plain error affected his substantial rights." (Emphasis sic.) *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 14.

{¶9} Since Brill did not raise objections to these issues before the trial court, we will apply the plain error standard of review to his three arguments in this assignment of error. First, Brill argues that the trial court based his sentence on impermissible considerations, identifying a statement that the trial judge made regarding the charge against Brill as evidence of error. Tr. 21. In this statement, the trial judge alluded to the fact that the illegal sexual contact with the victim occurred several times, beginning in July of 2019 and continuing through October

of 2019. Tr. 21. Doc. 1.[1] The trial court then noted that the victim turned thirteen almost sixty days into this timeframe. Tr. 21. Doc. 1.

{¶10} In this case, Brill was charged with unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), a felony of the third degree. Doc. 1. This statute prohibits sexual conduct between "a person who is eighteen years of age or older" and a person who "is thirteen years of age or older but less than sixteen years of age * * *." R.C. 2907.04(A). However, sexual conduct with a "person * * * less than thirteen years of age" constitutes the offense of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. R.C. 2907.02(A)(1)(b). The trial court noted that Brill was fortunate to have been charged under R.C. 2907.04(A) because the allegations in the complaint indicated that the victim was under the age of thirteen when the sexual conduct began and that Brill could, therefore, have been charged with rape in violation of R.C. 2907.02(A)(1)(b).

{¶11} Further, the father of the victim gave an impact statement that including the following information:

> **When the Prosecutor, Victim's Advocate, and the lead detective came to our house that Thursday afternoon, the Prosecutor informed us that he was prepared to go to the Grand Jury the very next morning with F-1 rape and gross sexual imposition * * *, but that Mr. Brill wanted to talk. And although he didn't need our input, he wanted to know what our thoughts and our daughter's thoughts were on accepting a guilty plea but for a lesser charge. My wife and I both thought that the sooner our daughter can put this behind her, the better.**

---

[1] At the hearing, the prosecution stated that sexual conduct occurred on eight different occasions within this timeframe. Tr. 16.

Tr. 8. Consideration of such information is permissible as

> **'[c]ourts have consistently held that evidence of other crimes, including crimes that never result in criminal charges being pursued, or criminal charges that are dismissed as a result of a plea bargain, may be considered at sentencing.'**

(Citations omitted.) *State v. Dixon,* 4th Dist. Hocking No. 21CA8, 2022-Ohio-2807, ¶ 31, quoting *State v. Starkey*, 7th Dist. Mahoning No. 06 MA 110, 2007-Ohio-6702, ¶ 16. *See also State v. Meeks*, 3d Dist. Logan No. 8-19-24, 2019-Ohio-4124, ¶ 16; *State v. Lanning*, 6th Dist. Ottawa No. OT-19-024, 2020-Ohio-2863, ¶ 17.

> **'[N]o caselaw * * * would prohibit a trial judge from taking into account charges that are reduced or dismissed as a result of a plea bargain, [and] in fact, the history of Ohio law indicates that the sentencing judge may consider such factors.'**

*State v. Banks*, 10th Dist. Franklin Nos. 10AP-1065, 10AP-1066, and 10AP-1067, 2011-Ohio-2749, ¶ 24, quoting *Starkey* at ¶ 19. *See also State v. Ellis*, 2d Dist. Montgomery No. 25422, 2013-Ohio-2342, ¶ 13; *State v. Allen*, 5th Dist. Stark No. 2021CA00051, 2022-Ohio-268, ¶ 60. Accordingly, we conclude that Brill's first argument under this assignment of error is without merit.

{¶12} Second, Brill argues that the trial court relied on information from an unauthorized source. As evidence of this alleged error, Brill points to the following comment made by the trial court:

> **He took time to groom her and develop a relationship that would put her in a position of vulnerability. And then stole her * * * childhood as well as her innocence. It's obvious here this afternoon and *obvious based upon the Court's experience of cases***

> *that come before the Court that this corrupt behavior of the defendant will forever impact the victim's life.*

(Emphasis added.)  Tr. 22.  Brill argues that, in considering its "experience of cases," the trial court erred by relying on information from other cases that were not before the judge.  Tr. 22.  He asserts that the trial court relied on unauthorized sources of information by relying on its experience in other cases.

**{¶13}** However, in this appeal, Brill makes a number of arguments based upon the factors listed in R.C. 2929.12.  This provision directs a trial court to consider a number of factors to determine whether "the offender's conduct is more serious than conduct normally constituting the offense[.]"  R.C. 2929.12(B).  Thus, this statute expressly directs a trial judge to determine the relative seriousness of a particular offense in comparison to other instances of the same type of offense.  In this process,

> **the individual decisionmaker has the discretion to determine the weight to assign a particular statutory factor. *State v. Fox* (1994), 69 Ohio St.3d 183, 193, 631 N.E.2d 124, 132 \* \* \*.  A discretionary decision necessitates the exercise of personal judgement, and we have determined that when making such judgments, the sentencing court 'is not required to divorce itself from all personal experiences and make [its] decision in a vacuum.' *State v. Cook* (1992), 65 Ohio St.3d 516, 529, 605 N.E.2d 70, 84 \* \* \*.**

(Citations omitted.)  *State v. Arnett*, 88 Ohio St.3d 208, 215-216, 2000-Ohio-302, 724 N.E.2d 793, (2000).  In the identified statement, the trial judge was simply relying on his experience to gauge the seriousness of the offense committed by Brill in comparison to the "conduct normally constituting the offense[.]"  R.C. 2929.12.

{¶14} Further, the record indicates that the trial court considered the facts of Brill's case. By the time the trial judge made this statement, he had also heard statements from the victim, the victim's father, the prosecutor, Brill, and defense counsel. Tr. 4-19. The trial judge had an abundance of information regarding the facts of this particular case to consider as he determined the relative seriousness of the offense committed by Brill. Having considered the facts of this case, we have found no indication that the trial judge drew on an unauthorized source of information as he considered the facts of this case and imposed a sentence. Thus, we conclude that Brill's second argument under this assignment of error is without merit.

{¶15} Third, Brill asserts that his right to allocution was violated by the two previously alleged errors. "The right to allocution * * * guarantees the defendant an opportunity to present information to the court for consideration when determining what punishment fits the crime." *City of Euclid v. Winters*, 8th Dist. Cuyahoga No. 65013, 1994 WL 144518, *3 (Apr. 21, 1994) (Krupansky, J., dissenting).

> **The right of allocution is set forth in R.C. 2929.19 and Crim.R. 32. R.C. 2929.19(A) states: 'At the [sentencing] hearing, the offender * * * may present information relevant to the imposition of sentence in the case. The court shall * * * ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender.' Further, Crim.R. 32(A) requires the trial court, at the sentencing hearing, to '(1) [a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or**

> **she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.'**

*State v. Gutierrez*, 6th Dist. Wood No. WD-21-035, 2021-Ohio-4232, ¶ 13, quoting R.C. 2929.19 and Crim.R. 32(A).

> **'[T]he interest that is protected by the right to allocution is the opportunity for the defendant to address the court directly on his own behalf *after* all the information on which the sentencing court relies when pronouncing sentence has been presented.' (Emphasis sic.)  *State v. Brown*, 166 Ohio App.3d 252, 2006-Ohio-1796, 850 N.E.2d 116, ¶ 13 (11th Dist.).**

*State v. Faircloth*, 2d Dist. Montgomery No. 28715, 2021-Ohio-1514, ¶ 12.  Thus, "[a] trial court can violate a defendant's right of allocution if it does not allow the defendant to respond after new information is introduced and considered by the court at the sentencing hearing." *State v. Fowler*, 6th Dist. Ottawa No. OT-21-031, 2022-Ohio- 3499, ¶ 17.

{¶16} "Although not considered a constitutional right, the right of allocution is firmly rooted in the common-law tradition." *State v. Massey*, 5th Dist. Stark No. 2006-CA-00370, 2007-Ohio-3637, ¶ 15.

> **Trial courts must painstakingly adhere to Crim.R. 32, guaranteeing the right of allocution.  A Crim.R. 32 inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse.**

*State v. Green*, 90 Ohio St.3d 352, 360-361, 2000-Ohio-182, 738 N.E.2d 1208, 1221 (2000).  "When the right of allocution is violated, the reviewing court must reverse

the sentence and remand the matter for resentencing, unless the error was invited or harmless." *Gutierrez, supra*, at ¶ 14.

{¶17} In this case, both Brill and his attorney were given the opportunity "to address the court directly * * *" on the matter of his sentence. *Brown, supra*, at ¶ 13. *See* Tr. 16-19. However, Brill he alleges that the trial judge violated his right to allocation by considering new information after the Defense addressed the court. This allegedly new information is contained in the statements that Brill previously identified in his first two arguments under this assignment of error. Again, we note that no objection was raised over this matter before the trial court.

{¶18} However, the victim's date of birth, the charge against Brill, and the dates during which the instances of sexual conduct occurred were all stated in the bill of information and were properly in the record before the trial court. Doc. 1. Tr. 21. Further, the trial judge's statement about the effects of this crime on the victim referred directly to the victim's impact statement that was given before Brill addressed the trial court. Tr. 4-13, 22. None of this was arguably new information. Brill had this information available to him and could have addressed any of these facts in his allocation. Thus, we cannot conclude that the trial court erred as alleged in Brill's third argument under this assignment of error. Since Brill has not carried the burden of establishing plain error in any of these three arguments, his first assignment of error is overruled.

*Second Assignment of Error*

**{¶19}** Brill argues that the Ohio Supreme Court's decision in *State v. Jones* runs afoul of the Ohio Constitution by depriving defendants of meaningful appellate review of the sentences imposed by trial courts. *See Jones*, *supra*.

Legal Standard

**{¶20}** "The general rule, of such age that it is beyond dispute, is that the ground, principle, or reason of a decision made by a higher court is binding as authority on the inferior court." *In re Schott*, 16 Ohio App.2d 72, 75, 241 N.E.2d 773, 776 (1st Dist. 1968).

> **This [rule] applies to all lower courts. The Court of Appeals is bound by the Supreme Court's last decision on the question involved. It is immaterial whether the reasoning advanced in support of the decision is well or ill founded; when the Supreme Court of Ohio lays down the rules of law, such rules of law are binding upon the Courts of Appeals of Ohio.**

*Id.*, citing 14 Ohio Jurisprudence 2d 653 et seq., Courts, Section 224 et seq.

**{¶21}** Further, "the highest court of a state 'has the final word on the meaning of state law.'" *County of Westchester, N.Y. v. Commissioner of Transp. of State of Conn.*, 9 F.3d 242, 245 (2d Cir. 1993), quoting *Deeper Life Christian Fellowship, Inc. v. Sobol*, 948 F.2d 79, 84 (2d Cir. 1991). Accordingly, "[w]hat the statutes of a State mean, the extent to which any provision may be limited by other Acts or by other parts of the same Act, are questions on which the highest court of the State has the final word." *Musser v. Utah*, 333 U.S. 95, 68 S.Ct. 397, 92 L.Ed. 562 (1948).

**{¶22}** Given these aforementioned principles, "[a] court of appeals [of this state] is bound by and must follow decisions of the Ohio Supreme Court, which are regarded as law unless and until reversed or overruled." *Sherman v. Millhon*, 10th Dist. Franklin No. 92AP-89, 1992 WL 142368, *1 (June 16, 1992). Appellate courts "are without authority to 'make a determination that conflicts with a decision of the Supreme Court of Ohio * * *.'" *State v. Buckmaster*, 11th Dist. Lake No. 2007-L-105, 2008-Ohio-1336, ¶ 15, quoting *State v. Worrell*, 10th Dist. Franklin No. 06AP-706, 2007-Ohio-2216, ¶ 10.

Legal Analysis

**{¶23}** In this assignment of error, Brill's arguments challenge the Ohio Supreme Court's decision in *State v. Jones*. *See Jones, supra*. In that case, the Ohio Supreme Court considered the history of R.C. 2953.08(G), noting that a former version of this provision "authorized appellate courts to '* * * modify or * * * vacate the sentence * * * if the court clearly and convincingly found * * * [t]*hat the record does not support the sentence*[.]'" (Emphasis sic.) *Id*. at ¶ 35. However, this provision was amended and now authorizes an appellate court only to modify or vacate a sentence

> **if it clearly and convincingly finds either of the following:**
>
> **(a)   That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;**

**(b) That the sentence is otherwise contrary to law.**

R.C. 2953.08(G)(2)(a). The Ohio Supreme Court reasoned that

> **[t]his amendment eliminated the broad stand-alone provision from the first paragraph of the original version of R.C. 2953.08(G), which allowed an appellate court to modify or vacate the sentence when it found that 'the record does not support the sentence,' former R.C. 2953.08(G)(1) * * *. In its place, the General Assembly enacted a narrower provision in which an appellate court's authority to modify or vacate a sentence is limited to situations in which it concludes that the record does not support the sentencing court's findings under certain specified statutes, not including R.C. 2929.11 and 2929.12.**

*Jones*, *supra*, at ¶ 37. Further, the Ohio Supreme Court held that

> **an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b).**

*Id*. at ¶ 32. Thus, the Ohio Supreme Court concluded that "nothing in R.C. 2953.08(G)(2) permits * * * an appellate court" "to substitute its judgment for that of the trial court concerning the overall selection of a sentence that is compliant with R.C. 2929.11 and 2929.12." *Id*. at ¶ 30.

> **Accordingly, "pursuant to *Jones*, an appellate court errs if it * * * modifies or vacates a sentence 'based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12.'"**

*State v. Slife*, 3d Dist. Auglaize No. 2-20-17, 2021-Ohio-644, ¶ 13, quoting *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 17, quoting *Jones*, *supra*, at ¶ 29. Since *Jones* was decided, this Court has applied its reasoning on

numerous occasions. *State v. Berry*, 3d Dist. Union No. 14-20-05, 2021-Ohio-1132, ¶ 139; *State v. Wilson*, 2022-Ohio-504, 185 N.E.3d 176, ¶ 144 (3d Dist.); *State v. Coleman*, 3d Dist. Logan No. 8-21-42, 2022-Ohio-1811, ¶ 7.

**{¶24}** In this assignment of error, Brill asserts that this Court should review the trial court's application of R.C. 2929.11 and R.C. 2929.12 despite the holding in *Jones*.[2] In support of this assertion, he argues that following *Jones* and/or R.C. 2953.08 is violative of his constitutional rights. In his brief, Brill forthrightly admits that his arguments rest on several dissenting opinions in Ohio Supreme Court cases. Appellant's Brief, 10. *See State ex rel. Hilltop Basic Resources, Inc. v. Cincinnati*, 167 Ohio App.3d 798, 2006-Ohio-3348, 857 N.E.2d 612, ¶ 27 (1st Dist.) ("When a party relies on a *dissent*, but the *majority* decision is binding on us, its argument is looking bleak.").

**{¶25}** First, we will address Brill's argument that this Court should essentially disregard the Ohio Supreme Court's decision in *Jones* and conduct a review of the trial court's application of the factors in R.C. 2929.11 and R.C. 2929.12. His brief includes various conclusory references to the equal protection and due process clauses of the United States Constitution and the Ohio Constitution. But aside from citing to several dissenting opinions by Ohio Supreme Court

---

[2] In his second assignment of error, Brill challenges the *Jones* decision and the statute that *Jones* interpreted. *See Jones, supra.* In his third assignment of error, he alternatively argues that *Jones* does not apply to this case. Thus, we will analyze arguments in his second assignment of error under the assumption that *Jones* is applicable to this appeal before we examine his alternative argument that contests the applicability of *Jones* to this case in his third assignment of error.

Justices, he does not direct us to any legally binding authority that has limited or reversed the *Jones* decision in a manner that would impact the outcome of this appeal.

**{¶26}** As noted above, "[i]t is well settled that an appellate court is 'conclusively bound by the decisions of the Supreme Court of Ohio.'" *State v. Crago*, 93 Ohio App.3d 621, 640, 639 N.E.2d 801, 814 (10th Dist. 1994), quoting *Thompson v. Moore*, 72 Ohio App. 539, 541, 53 N.E.2d 666, 667 (1943). Since an appellate court has no authority to set aside a decision of the Ohio Supreme Court, an appellate court has no basis to review the constitutionality of a decision of the Ohio Supreme Court. Because we are conclusively bound to follow the decisions of the Ohio Supreme Court, any constitutional analysis of *Jones* herein would be a meaningless exercise. Accordingly, we decline to address the arguments from Brill that beckon us to disregard *Jones*.

**{¶27}** Second, Brill also argues that R.C. 2953.08 "vacates via statute" the constitutional authority of appellate courts to review prison sentences. Appellant's Brief, 10. He suggests that this constitutional authority of appellate courts "cannot be abrogated by statute." *Id*. The Ohio Constitution provides:

> **Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *.**

Article IV, Section 3(B)(2) of the Ohio Constitution.  In examining this language,

the Ohio Supreme Court has held:

> **This, and former analogous language, has been held to empower the General Assembly to alter the appellate jurisdiction of the Court of Appeals.  *Youngstown Municipal Ry. Co. v. Youngstown* (1946), 147 Ohio St. 221, 70 N.E.2d 649.  *See Price v. McCoy Sales & Service, Inc.* (1965), 2 Ohio St.2d 131, 135, 207 N.E.2d 236.  *Cf. Meyer v. Meyer* (1950), 153 Ohio St. 408, 414, 91 N.E.2d 892, and *Pilgrim Distributing Corp. v. Galsworthy, Inc.* (1947), 148 Ohio St. 567, 576, 76 N.E.2d 382.**

*State v. Collins*, 24 Ohio St.2d 107, 107-108, 265 N.E.3d 261, 262 (1970).  Thus,

> **The appellate jurisdiction of the courts of appeals is determined by statute.  Article IV, Section (B)(2), Ohio Constitution.  That jurisdiction with respect to review of criminal sentences is set out in R.C. 2953.08.**

*State v. Lofton*, 2d Dist. Montgomery No. 19852, 2004-Ohio-169, ¶ 9.  In *Jones*, the

Ohio Supreme Court applied R.C. 2953.08.  *Jones, supra*, at ¶ 42.  In the case

presently before this Court, we will do the same.

{¶28} In conclusion, since an appellate or "trial court ha[s] no authority to

effectively overrule the Ohio Supreme Court" by disregarding its decisions, we will

follow the holding of the Ohio Supreme Court in *Jones* as being dispositive of the

issues raised in this appeal.  *Young v. Durrani*, 2016-Ohio-5526, 61 N.E.3d 34, ¶ 29

(1st Dist.).  Accordingly, Brill's second assignment of error is overruled.

*Third Assignment of Error*

{¶29} Brill argues that *Jones, supra,* addressed a sentence that was appealed

under R.C. 2953.08(A)(4).  He asserts that, because he was able to appeal his

sentence under R.C. 2953.08(A)(1)(a), *Jones* does not apply to this case and does

not prohibit appellate review of the trial court's application of R.C. 2929.11 and

R.C. 2929.12.

Legal Standard

**{¶30}** R.C. 2953.08 governs appeals that are based on felony sentencing

guidelines.  Section (A) of this provision "specifies the particular grounds on which

a defendant may seek appellate review of his or her sentence." *State v. Kennedy*, 2d

Dist. Montgomery No. 19635, 2003-Ohio-4844, ¶ 8.  This provision reads, in its

relevant part, as follows:

> **(A) [A] defendant who * * * pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:**
>
> **(1) The sentence consisted of or included the maximum definite prison term allowed for the offense by division (A) of section 2929.14 or section 2929.142 of the Revised Code * * *, the maximum definite prison term or longest minimum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:**
>
> **(a) The sentence was imposed for only one offense.**
>
> **\* \* \***
>
> **(4) The sentence is contrary to law.**

R.C. 2953.08(A).  In turn, Section (G) of this provision "defines the standard of

review and authority of an appellate court reviewing the propriety of a given

sentence." *State v. Battiste*, 8th Dist. Cuyahoga No. 79852, 2002-Ohio-1079, 2002

WL 451297, *4 (Mar. 14, 2002). In particular, R.C. 2953.08(G)(2) gives appellate courts the authority to modify or vacate a sentence

> **if it clearly and convincingly finds either of the following:**
>
> **(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;**
>
> **(b) That the sentence is otherwise contrary to law.**

R.C. 2953.08(G)(2). The text of R.C. 2953.08(G)(2) expressly states that it is applicable to appeals that are brought "under division (A), (B), or (C) of" R.C. 2953.08. R.C. 2953.08(G)(2).

{¶31} In *Jones*, the Ohio Supreme Court interpreted the provisions in R.C. 2953.08(G)(2) and concluded that

> **[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.**

*Jones*, *supra*, at ¶ 42. The import of this decision is

> **that appellate review of a trial court's sentencing decision under R.C. 2953.08(G)(2) does not permit an appellate court to modify or vacate a sentence based on a lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12.**

*State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 19, citing *Jones*, *supra*.

Legal Analysis

**{¶32}** In this assignment of error, Brill asserts that *Jones* addressed an appeal that was brought under R.C. 2953.08(A)(4) and that appellate districts—including this Court—have erroneously applied *Jones* to sentences that are appealable under R.C. 2953.08(A)(1)(a). Appellant's Brief, 17. He then argues that appellate courts can review a trial court's application of R.C. 2929.11 and R.C. 2929.12 in imposing a sentence that can be appealed under R.C. 2953.08(A)(1)(a). There is no dispute that Brill's sentence satisfies the conditions set forth in R.C. 2953.08(A)(1)(a).

**{¶33}** However, the text of R.C. 2953.08(G)(2) clearly states that this provision applies to appeals brought "under division (A), (B), or (C)" of R.C. 2953.08. R.C. 2953.08(G)(2). In *Jones*, the Ohio Supreme Court interpreted R.C. 2953.08(G)(2). Having examined the entirety of this statute, we conclude that the Ohio Supreme Court's interpretation of R.C. 2953.08(G)(2) in *Jones* is applicable to appeals brought under R.C. 2953.08(A) because R.C. 2953.08(G)(2) is applicable to appeals brought under R.C. 2953.08(A). Thus, *Jones* is controlling to appeals brought under R.C. 2953.08(A)(1)(a) and is not limited to appeals brought under R.C. 2953.08(A)(4). Accordingly, we find this argument to be without merit.

**{¶34}** In conclusion, the trial court, in this case, imposed a sentence that was within the statutorily authorized range. Further, the record indicates that the trial court considered the purposes and principles of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Tr. 19-21.

Case No. 14-22-20

Having examined the materials in the record, we conclude that Brill has not demonstrated that his sentence is clearly and convincingly contrary to law. *State v. Reed*, 3d Dist. Union No. 14-20-16, 2021-Ohio-1623, ¶ 20. For these reasons, his third assignment of error is overruled.

*Fourth Assignment of Error*

**{¶35}** Brill argues that the imposition of the maximum sentence constitutes cruel and unusual punishment in this case.

Legal Standard

**{¶36}** The Eighth Amendment to the United States Constitution states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Eighth Amendment to the United States Constitution.

> **Historically, the Eighth Amendment has been invoked in extremely rare cases, where it has been necessary to protect individuals from inhumane punishment such as torture or other barbarous acts. *Robinson v. California* (1962), 370 U.S. 660, 676, 82 S.Ct. 1417, 1425, 8 L.Ed.2d 758, 768. Over the years, it has also been used to prohibit punishments that were found to be disproportionate to the crimes committed.**

*State v. Weitbrecht*, 86 Ohio St.3d 368, 370, 1999-Ohio-113, 715 N.E.2d 167, 169-170 (1999).

> **'[C]ases in which cruel and unusual punishments have been found are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person.' [*McDougle v. Maxwell*, 1 Ohio St.2d 68,] 70, 30 O.O.2d [38,] at 39, 203 N.E.2d [334,] at 336 [(1964)]. Furthermore, 'the**

> **penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community.'** *Id.*

*State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, ¶ 80. "[C]ases involving cruel and unusual punishments are rare * * *." *State v. Blankenship*, 145 Ohio St.3d 221, 2015-Ohio-4624, 48 N.E.3d 516, ¶ 32. "As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." *McDougle* at 69.

Legal Analysis

{¶37} In his brief, Brill cites to caselaw that correctly emphasizes the difficultly of prevailing on an Eighth Amendment claim on appeal. Appellant's Brief, 20-21. However, in support of his claim, Brill merely asserts that his sentence constitutes cruel and unusual punishment without directing our attention to any fact or authority that would suggest his punishment is "inhumane" or "barbarous." *Weitbrecht, supra*, at 370. Brill also has not raised an argument that explains how a sixty-month prison term is a "greatly disproportionate" sentence for an offense that involved engaging in sexual conduct with a minor over a period of several months while abusing his relationship with the victim in the process. *Patrick, supra*, at ¶ 80, quoting *McDougle*, *supra*, at 70.

{¶38} In this case, the trial court imposed a prison term that was within the statutory range as authorized by an enactment of the General Assembly. In this kind of analysis, "reviewing courts should grant substantial deference to the broad

authority that legislatures possess in determining the types and limits of punishments for crimes." *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 22, quoting *Weitbrecht, supra*, at 373-374. Having examined the materials in the record, we conclude that Brill has not demonstrated that the sentence imposed by the trial court constitutes cruel and unusual punishment within the meaning of the Eighth Amendment of the United States Constitution. Accordingly, his fourth assignment of error is overruled.

*Conclusion*

**{¶39}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Union County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**MILLER, P.J. and ZIMMERMAN, J., concur.**

**/hls**